**Ex parte Anthony Mark PREJEAN.**

**No. 68540.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 23, 1981.

R. M. DeGuerin, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Larry P. Urquhart, and Ray Elvin Speece, Asst. Dist. Attys., Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TEAGUE, Judge.

This is an original application requesting this Court to issue both a writ of habeas corpus and a writ of mandamus. See Art. 5, Sec. 5 of the Texas Constitution. Applicant seeks the following: (1) an order from this Court requiring the trial court to allow petitioner to be represented by retained counsel of his choice, (2) an order from this Court ordering the trial court to conduct an examining trial, and (3) an order from this Court setting bail.[1]

The record reveals that the applicant was arrested on June 8, 1981, pursuant to a five paragraph felony complaint alleging the offenses of capital murder, murder, and aggravated robbery.[2] Bail is not set on any of these charges. As a result of applicant's affidavit of indigency, Hon. James Stafford was appointed by the trial court to represent applicant. Applicant's family, with applicant's consent, thereafter retained another attorney, Hon. Mike DeGeurin,[3] to represent applicant on these charges. The primary issue before this Court is whether the applicant has the right to have Mike represent him.

Other than the State's voicing a general objection to Mike's representing the applicant, the record is not exactly clear as to what triggered the trial court's inquiry into Mike's representing the applicant. Nevertheless, after a hearing held below, the trial court ruled that Mike was disqualified from representing the applicant. However, we discern from the record that the real concern of the trial court, and what initiated the inquiry to Mike's representing applicant lies in the following: Dick formerly represented the applicant's brother, Carlos Stafford[4] and that representation involved Carlos being charged with the same identical criminal offense now pending against the applicant. Dick was successful in his representation of Carlos, as the criminal accusation against Carlos was dismissed. Thereafter, the same criminal accusation was filed against the applicant. The record does not reveal whether there was ever any contact between Dick and the applicant. The record does show, however, that the applicant's family retained Mike. The record also reflects that Dick, Mike and Percy Foreman have had at all times herein a law firm entitled Foreman, DeGuerin and DeGeurin. The exact nature of the law firm, as to the relationship of its members, is not shown by the record. However, the record does reveal that only Mike and Foreman have counseled with the applicant. Whether Foreman had any contact with Carlos is not shown by this record, but the record does show that Dick and "the law firm" were employed to represent Carlos. Neither Dick, Carlos, nor Foreman testified at the hearing held below.

1. On June 22, 1981, on behalf of the applicant, Hon. Mike DeGeurin filed a motion for an examining trial and on July 21, 1981, submitted to the trial court an application for writ of habeas corpus to set bail. Both instruments have been denied by the trial court.

2. Two of the stated offenses are repeated in the complaint, i.e., two of the paragraphs merely repeat different ways to commit the same offense. Each paragraph alleges the same victim.

3. Mike DeGeurin spells his last name DeGeurin. His brother, Dick, spells his last name DeGuerin. Due to this, at times hereinafter, we respectfully refer to each only by his respective first name.

4. At times hereinafter, for the sake of simplicity, we respectfully address applicant's brother by his first name.

The record also reflects that during the hearing held below the applicant filed a written waiver of potential conflict of interest,[5] testified that he had discussed with Mike potential conflicts of interest they might have, and desired to waive his right to conflict-free counsel. Even after the trial court ruled on the State's objection to Mike's representing the applicant, the applicant testified that it was his wish for Mike to continue to represent him.

We conclude, after a careful review of this record and the law on the subject, that the trial court's ruling cannot be sustained.

■ We first observe that the right of an accused in a criminal proceeding to the assistance of counsel is guaranteed by the Federal and State Constitutions, as well as by State statute. (U.S.Const., 6th Amend.; Tex.Const., Art. I, Sec. 10; Art. 1.05, V.A.C. C.P.). This, of course, includes freedom of choice in the selection of counsel by the accused.[6]

The principle of law that a criminal defendant is entitled to the assistance of counsel free from any conflict of interest, which conceivably could impair counsel's effectiveness, is also clearly and firmly established in our law. *Glasser v. United States*, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed.2d 680 (1942); *Gonzales v. State*, 605 S.W.2d 278 (Tex.Cr. App.1980).

■ After carefully reviewing the record in this cause, we find there is no need to discuss the merits of whether the applicant and Mike had a conflict of interest sufficient to render Mike disqualified from representing the applicant, for the right to conflict-free counsel may be waived, if done so knowingly and voluntarily. *United*

States v. Garcia*, 517 F.2d 272 (5th Cir. 1975); *Zuck v. Alabama*, 588 F.2d 436 (5th Cir. 1979), cert. denied, 444 U.S. 833, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979). Such a waiver of the right to conflict-free counsel should include a showing that the defendant is aware of the conflict of interest, realizes the consequences of continuing with such counsel, and is aware of his right to obtain other counsel. *Gray v. Estelle*, 616 F.2d 1305 (5th Cir. 1980); *Zuck v. Alabama*, supra. Applicant here affirmatively complied with the first two of these requirements, and the third is adequately reflected by the fact that another attorney has already been appointed for him, and that attorney has been active throughout the proceedings below and in this appeal, in cooperation with retained counsel. Applicant is thus shown to be aware of his right to have other counsel, and has affirmatively waived his right to conflict-free counsel.

Thus, the record does not affirmatively reflect a justifiable legal reason for the trial court to disqualify Mike from representing the applicant. Compare, *United States v. Garcia*, supra. The record does, however, affirmatively reflect that at this time the applicant has waived his right to conflict-free assistance of counsel.

Finding that the trial court erred in disqualifying Mike from representing the applicant, that part of the trial court's order will be set aside. Hon. Mike DeGeurin is entitled to represent applicant, and we so hold.

As to the issue of holding an examining trial, we observe that the trial judge made the following statement during the hearing below: "The Court, in accommodating the

5. A copy of the applicant's written "Waiver of Potential Conflict of Interest" is attached to this opinion as Appendix "A."

6. This, however, is not to say that a single attorney may represent any defendant. See, for example, *Gray v. Estelle*, 574 F.2d 209 (5th Cir. 1978); *Gray v. Estelle*, 616 F.2d 801 (5th Cir. 1980), where the Fifth Circuit seriously questioned whether a defendant who was represented by an attorney who was at the same time the complaining witness against the de-

fendant in an unrelated case, could ever make a voluntary waiver of his constitutional right to conflict-free counsel. 616 F.2d 801, 804 fn. 2. Other than in such peculiar factual situations as set out in *Gray*, id., it would appear that in both this Court and the Fifth Circuit the rule is the same: a criminal defendant has the right to insist upon retaining an attorney with otherwise disqualifying conflicts. *United States v. Mahar*, 550 F.2d 1005 (5th Cir. 1977); *Pete v. State*, 533 S.W.2d 808, 810 (Tex.Cr.App.1976).

problem, will instruct the prosecution not to present this matter to the grand jury until —well, we'll postpone it for a period of 30 days so that the Court can conduct an examining trial, perhaps following any mandate that the Court of Criminal Appeals may direct to this Court." For this reason, we decline to address applicant's second contention.

■ Although this Court has jurisdiction over applicant's application for writ of habeas corpus to set bail, see *Ex parte Spaulding*, 612 S.W.2d 509 (Tex.Cr.App.1981), because of the meager record before us on that issue we are unable to properly resolve the question whether the applicant is entitled to bail. The original application for writ of habeas corpus to set bail is therefore denied.

Finding as a matter of law that the applicant is entitled to be represented by Hon. Mike DeGeurin we conclude that the issuance of a writ of mandamus is the proper remedy to vacate the order of the trial court prohibiting Hon. Mike DeGeurin from representing the applicant. See *State ex rel Vance v. Routt*, 571 S.W.2d 903 (Tex.Cr. App.1978); *State ex rel Vance v. Clawson*, 465 S.W.2d 164 (Tex.Cr.App.1971).

We assume, however, that the trial court will immediately vacate his order prohibiting Hon. Mike DeGeurin from representing the applicant. Writ of mandamus will issue only if he refuses to do so.

It is so ordered.

APPENDIX "A"

NO. 336,037

| | | |
|---|---|---|
| THE STATE OF TEXAS | )( | IN THE DISTRICT COURT OF |
| vs. | : | HARRIS COUNTY, TEXAS |
| ANTHONY MARK PREJEAN | )( | 177th JUDICIAL DISTRICT |

WAIVER OF POTENTIAL CONFLICT OF INTEREST

THE STATE OF TEXAS )(

COUNTY OF HARRIS )(

---

BEFORE ME, the undersigned authority, a Notary Public in and for Harris County, Texas, on this day personally appeared ANTHONY MARK PREJEAN, who after having been by me first duly sworn, upon his oath deposes and says:

My name is ANTHONY MARK PREJEAN. I am the Defendant in the above styled and numbered cause. My attorney of choice is Mike DeGeurin of the law firm of Foreman, DeGuerin & DeGeurin. I am aware of the fact that Dick DeGuerin, the brother of Mike DeGeurin, and also the law firm of Foreman, DeGuerin & DeGeurin, has previously represented CARLOS STAFFORD in Cause No. 298,431 wherein Carlos Stafford was charged with the same offense that I now stand charged with. I know that Mr. Stafford was cleared of this charge while Mr. DeGuerin represented him. I further know that one of the reasons that Mr. Stafford was cleared and his case dismissed was that the police and the district attorney's office came to the conclusion on evidence that they obtained that Carlos Stafford was misidentified by several State's witnesses and that I, was probably the person that Carlos Stafford was identified as being.

I know that Mike DeGeurin and his brother, Dick DeGuerin, are still members of the firm Foreman, DeGuerin & DeGeurin.

(s) Anthony M. Prejean

ANTHONY MARK PREJEAN

Mr. Mike DeGeurin and Mr. Percy Foreman have discussed these facts with me and I still desire that Mr. Mike DeGeurin of the law firm of Foreman, DeGeurin & DeGeurin represent me in this cause.

(s) Anthony M. Prejean
ANTHONY MARK PREJEAN

SUBSCRIBED and SWORN to before me on this the 24th day of June, 1981.

(s) Cindy Bernd
CINDY BERND, Clerk

177th Judicial District Court of Harris County, TEXAS