NO. 07-04-0281-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 16, 2004

_____

ROKE ACOSTA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B3798-0307; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant Roke Acosta perfected appeal from his felony conviction in cause number B3798-0307 in the 242nd District Court of Swisher County on May 12, 2004. The clerk's record was filed in this court June 14, 2004. It includes an Affidavit of Inability to Employ Counsel on Appeal and Inability to Pay or Give Security for Clerk's Record and Reporter's

Record. The record does not reflect any contest to the affidavit or an order from the trial court determining appellant's indigence or appointing counsel on appeal.

## Reporter's Record

The official court reporter has filed an unsigned request for extension of time to file the reporter's record. The extension is sought because appellant has failed to submit a written request for preparation of the reporter's record, see Tex. R. App. P. 34.6(b), and because appellant has not paid or made arrangements to pay for the record. The official reporter requests an extension until "30 days after payment." Because appellant has requested a free record and filed an affidavit of indigence, his obligation to pay for preparation of the appellate record is governed by Rule of Appellate Procedure 20.2. That rule requires a hearing and ruling by the trial court on appellant's request to determine his obligation to pay for the record on appeal. That rule further provides the trial court must order the reporter to transcribe the proceedings if the court finds appellant is entitled to an appellate record without charge. Finally, the rule provides that the reporter shall be paid from general funds of the county when the trial court certifies that the record has been furnished. The reporter's request for extension until "30 days after payment" will not be appropriate, therefore, if the trial court determines appellant is entitled to a record without charge. Tex. R. App. P. 20.2. Pending the trial court's determination of that matter, the due date for filing the reporter's record is extended to Friday, August 27, 2004.

Counsel on Appeal

In Texas every person convicted of a crime has a statutory right to appeal. *See* Tex. Code Crim. Proc. Ann. art. 44.02 (Vernon 1979); *Monreal v. State*, 99 S.W.3d 615, 617 (Tex.Crim.App. 2003). The right of an accused in a criminal proceeding to the assistance of counsel is guaranteed by the Constitutions of the United States and of Texas. U.S. Const. amend. VI; Tex. Const. art. I, §10; *Ex parte Prejean*, 625 S.W.2d 731, 733 (Tex.Crim.App. 1981). That right extends to appeal. *Gideon v. Wainwright*, 372 U.S. 335, 344, 83 S.Ct. 792, 796-97, 9 L.Ed.2d 799 (1963); *Buntion v. Harmon*, 827 S.W.2d 945, 948 (Tex.Crim.App. 1992). In Texas, the trial court has been assigned the responsibility of appointing appellate counsel for eligible indigent defendants. See Tex. Code Crim. Proc. Ann. art. 1.051(d)(1), 26.04(a) (Vernon 1979).

The failure to determine appellant's entitlement to appointed counsel on his proper request requires the abatement of this appeal and remand to the trial court. Tex. R. App. P. 43.6. Upon remand the trial court judge is directed to cause notice to be given of, and to conduct, a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if so, whether appellant is indigent; (3) if appellant is indigent, whether counsel should be appointed; and (4) what orders, if any, should be rendered to ensure the filing of appropriate notices and documentation to dismiss appellant's appeal if he does not desire to prosecute the appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued.

The trial court is directed to (1) make and file any necessary and appropriate findings, conclusions and orders, and cause them to be included in a supplemental clerk's record; and (2) cause the hearing to be transcribed and included in a reporter's record.  In the absence of a request for extension of time from the trial court, the supplemental clerk's record and reporter's record of the hearing are to be filed no later than August 16, 2004.

Per Curiam

Do not publish.