# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00361-CR

**Henry Paredes, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. D-1-DC-2005-201664, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury found appellant Henry Paredes guilty of possessing less than one gram of cocaine, for which it assessed a punishment of twenty-three months in state jail. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2003). In his only point of error, appellant contends that he was denied a reasonable opportunity to retain counsel. Finding no error, we will affirm the conviction.

Appellant was arrested for shoplifting on April 6, 2005. While appellant was being booked into jail for this offense, a rock of crack cocaine was found in his boot. Appellant's bail was set at $5000, an attorney was appointed to represent him, and he remained in custody until his trial in this cause.

On May 26, appellant appeared in district court for arraignment. His attorney told the court that he had completed discovery. Appellant then said, "I'm trying to get a bond. My family is trying to get me out and get another lawyer to represent me. If you can give me like a couple of

weeks." The court responded, "I can't give you a couple of weeks. You are in jail. This case is ready for trial. We're going to set it for Tuesday." The court added, "If you can get out of jail beforehand, that's fine. You are still going to have to be back here on Tuesday for trial. And if you want to hire a lawyer, you can go ahead and do that, but you need to do that before Tuesday because we are going to try the case on Tuesday." The State made its last plea-bargain offer, for eight months' incarceration, which was refused by appellant after consulting with counsel. The cause was set for a jury trial on May 31, 2005. The trial began as scheduled and was completed in just over one day.

Appellant contends that the court erred by refusing his request for a trial delay in order to give him and his family time to hire counsel. He relies on the opinion in *Powell v. Alabama*, in which the Supreme Court wrote, "It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice." 287 U.S. 45, 53 (1932). In *Powell*, the defendants—the "Scottsboro Boys"—were tried for rape, convicted, and sentenced to death only six days after being indicted, which itself was only six days after the alleged offenses took place. *Id*. at 49-50. No lawyer was named or definitely designated to represent the defendants until the morning of the trial. *Id*. at 56. In the words of the Court:

> The defendants, young, ignorant, illiterate, surrounded by hostile sentiment, haled back and forth under guard of soldiers, charged with an atrocious crime regarded with especial horror in the community where they were to be tried, were thus put in peril of their lives within a few moments after counsel for the first time charged with any degree of responsibility began to represent them.

2

*Id*. at 58.  The Court held that under the circumstances, "the failure of the trial court to give them reasonable time and opportunity to secure counsel was a clear denial of due process."  *Id*. at 71.

Appellant's case bears no resemblance to the Scottsboro trial.  Appellant was promptly appointed counsel, who had approximately fifty days to prepare for this relatively simple trial.  Counsel stated at arraignment that he had completed discovery, and appellant does not contend that his attorney was unprepared for trial.  In fact, appellant does not assert that his appointed counsel was ineffective in any way, and he does not bring forward any claim of error at the trial itself.  He simply complains that the trial court was in too much of a hurry to try this case, and that he was thus prevented from hiring the lawyer of his choice.

The constitutional right to counsel includes freedom of choice in the selection of counsel.  *Ex parte Prejean*, 625 S.W.2d 731, 733 (Tex. Crim. App. 1981).  But the right to choose one's own counsel is circumscribed in several ways, including the fact that a defendant may not insist on representation by an attorney he cannot afford.  *Wheat v. United States*, 486 U.S. 153, 159 (1988).  The  essential aim of the Sixth Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers.  *Id*.  Once an attorney has been appointed to represent an indigent defendant, the defendant has been accorded the protections provided under the Sixth and Fourteenth Amendments.  *Malcom v. State*, 628 S.W.2d 790, 791 (Tex. Crim. App. 1982).

At the time he made his informal request for "a couple of weeks" to hire counsel, appellant had been in jail for fifty days in lieu of $5,000 bail.  He did not indicate to the court that he or his family had had any discussions with a lawyer regarding employment, and he gave the court

3

no reason to believe that he would be able to hire an attorney in the next two weeks. While it is true that appellant was tried relatively quickly, we will not fault the trial court for this in the absence of any indication that appellant's constitutional or statutory rights were not scrupulously honored. We hold that under the circumstances shown, the trial court did not violate appellant's Sixth Amendment rights or otherwise abuse its discretion by refusing appellant's personal request for a delay of his trial.

The point of error is overruled and the judgment of conviction is affirmed.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed: October 6, 2006

Do Not Publish