Opinion issued November 2, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00858-CR




EMILIO CERDA, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1002736




MEMORANDUM OPINION
          A jury found appellant, Emilio Cerda, guilty of the offense of burglary of a
habitation and, having found true the enhancement paragraphs alleging prior
convictions for aggravated robbery and burglary of a habitation, assessed punishment
at confinement for life. In three points of error, appellant complains that there was
insufficient evidence (1) to sustain the finding of true to the first enhancement
paragraph, (2) to establish the finality of a prior conviction admitted into evidence,
and (3) to prove the element of identity beyond a reasonable doubt. In a fourth point
of error, appellant complains that he received ineffective assistance of counsel during
both the guilt-innocence and punishment phases of trial. We affirm. 
BackgroundThe record indicates that the complainants’ son, Andrew Acevedo, went to his
parents’ home for lunch on October 1, 2004. As he entered through the back door,
he noticed that the door frame was damaged. His first thought was that his older
brother had caused the damage while trying to get inside, but, as he entered through
the door and called his brother’s name, he observed an unknown Hispanic male inside
the house. The intruder was wearing a blue and white striped shirt and was carrying
a black duffel bag. Acevedo confronted the intruder, demanding to know why the
man was in his parents’ home. The intruder fled out of the front door on foot. 
Acevedo pursued the intruder in his car, recognizing the man by his clothing. 
Acevedo eventually lost sight of the intruder, returned home, and asked a neighbor,
Bobby McAteer, to call the police. Shortly thereafter, Acevedo and McAteer spotted
the intruder running near the back yard, again identifying him by his clothing, and
followed the man to a nearby oil field, where they were able to detain him until police
arrived. 
Officer Lebedzinski, of the Pasadena Police Department, arrived at the oil field
within minutes and took the intruder into custody. Officer Lebedzinski testified that
appellant was the man taken into custody at the oil field. Before being transported
back to the complainants’ home, appellant was patted down for weapons. No stolen
property was found on his person at the time. During a subsequent search incident to
arrest, however, jewelry belonging to the complainants was found in appellant’s
pocket. Additionally, the duffel bag Acevedo saw the intruder carrying was found
in the complainants’ front yard and was identified as belonging to the complainants’
other son. Pasadena Police Officer David Hyde, a crime scene investigator and
fingerprint expert, testified that the palm print on a cell phone found inside the duffel
bag matched appellant’s prints. 
At trial, Acevedo identified appellant as the intruder from a series of
photographs, but was unable to identify appellant in the courtroom. McAteer, the
complainants’ neighbor, also testified and did make a positive in-court identification. 
On cross-examination, however, McAteer indicated that he had identified appellant
only because he was wearing an orange prison jumpsuit. 
During the punishment phase of trial, appellant was arraigned, entered a plea
of true to both enhancement paragraphs, and stipulated that he had been previously
convicted of seven prior felonies. The State offered all the evidence admitted in the
guilt-innocence phase, as well as appellant’s stipulation that he had been previously
convicted of aggravated robbery, burglary of a habitation, theft by receiving, robbery
by assault, burglary of a building, robbery, and theft from a person. Sufficiency of the Evidence of Identity
          We address appellant’s third point of error first. In his third point of error,
appellant argues that the identity evidence offered by the State was legally and
factually insufficient to sustain his conviction. Specifically, appellant argues that,
because neither of the witnesses who actually observed the intruder on the
complainants’ property could identify appellant in court, the evidence was
insufficient to establish his guilt. We disagree.
Standard of Review
          A legal-sufficiency challenge requires us to determine whether, after viewing
the evidence in the light most favorable to the verdict, any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152,
155 (Tex. App.—Houston [1st Dist.] 1997, no pet.). Although our analysis considers
all of the evidence presented at trial, we may not re-weigh the evidence and substitute
our judgment for that of the fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000).  
          When conducting a factual-sufficiency review, we view all of the evidence in
a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim. App. 1997). We will
set the verdict aside only if (1) the evidence is so weak that the verdict is clearly
wrong and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence. Johnson, 23 S.W.3d at 11. Under the first prong of
Johnson, we cannot conclude that a conviction is “clearly wrong” or “manifestly
unjust” simply because, on the quantum of the evidence admitted, we would have
voted to acquit had we been on the jury. Watson v. State, No. PD-469-05, 2006 WL
2956272, at *10 (Tex. Crim. App. Oct. 18, 2006). Under the second prong of
Johnson, we cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict. Id. Before finding
that evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the
great weight and preponderance of the evidence contradicts the jury’s verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence, that
according to appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).  
          Both direct and circumstantial evidence tending to prove a fact in dispute are
compared to the evidence tending to disprove that fact. See King v. State, 29 S.W.3d
556, 565 (Tex. Crim. App. 2000). In a prosecution based on circumstantial evidence,
it is not required that every fact point directly and independently to the guilt of the
accused; the cumulative force of all the incriminating circumstances may be
sufficient. See Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). 
Analysis
          The evidence of identity, viewed in the light most favorable to the verdict,
shows that the complainants’ son, Acevedo, observed an unknown intruder in his
parents’ home. The intruder, a Hispanic male, was dressed in a blue and white striped
shirt and was carrying a black duffel bag. After being discovered in the house, the
intruder fled out the front door. Acevedo, running out of the back door, pursued the
man in the blue and white striped shirt by car. Acevedo testified that, after a long
pursuit and with the help of a neighbor, he was eventually able to detain the intruder
in a nearby field until the police arrived and took the man into custody. At trial,
Acevedo identified appellant as the intruder from a series of photographs offered into
evidence by the State. 
          Officer Lebedzinski testified that appellant was the man police took into
custody. Appellant was searched incident to arrest. Jewelry belonging to the
complainants was discovered in his pocket. Additionally, police found the black
duffel bag appellant was carrying at the time Acevedo confronted him in the
complainants’ front yard. The complainants’ cellular and cordless phones were inside
the bag, and appellant’s right palm print was found on the cellular phone. When
combined with Acevedo’s testimony, a rational jury could have concluded that this
evidence established appellant as the man who burgled the complainants’ home. As
a result, we hold that the evidence was legally sufficient to establish appellant’s
identity as the burglar.
          To support his claim that the evidence is factually insufficient to establish his
identity as the intruder in the complainants’ home, appellant relies on the fact that,
while Acevedo identified appellant in a series of photographs admitted by the State,
he was unable to make a positive in-court identification. Specifically, Acevedo
testified that he “[didn’t] really recognize [appellant]” as the intruder. Acevedo
further admitted that he lost sight of the intruder for brief periods of time during his
pursuit. Appellant also relies on McAteer’s testimony that he could identify appellant
as the intruder only because appellant was dressed in an orange jumpsuit at trial as
evidence which undermines the jury’s verdict. It cannot be said, however, that this
evidence renders the verdict clearly wrong or manifestly unjust, nor cannot it be said
that the jury’s finding of guilt is against the great weight and preponderance of the
evidence. Therefore, we hold the evidence is factually sufficient to establish
appellant’s identity as the burglar, and we overrule appellant’s third point of error. 
Prior Convictions
          In his first and second points of error, appellant complains that there was
insufficient evidence to (1) sustain the finding of true to the first enhancement
paragraph and (2) prove that the conviction in cause number 398179 was final. We
disagree. 
          The State has the burden of proving the finality of a prior conviction alleged
for enhancement. See Augusta v. State, 639 S.W.2d 481, 484 (Tex. Crim. App. 1982). 
If, however, a defendant pleads “true” to the enhancement paragraph, the State’s
burden of proof is satisfied. Wilson v. State, 671 S.W.2d 524, 526 (Tex. Crim. App.
1984). Additionally, once he has pleaded “true,” the defendant is precluded from
complaining about the sufficiency of the evidence supporting the enhancement
paragraph on appeal. Harrison v. State, 950 S.W.2d 419, 422 (Tex. App.—Houston
[1st Dist.] 1997, pet. ref’d). The record, however, must affirmatively reflect the fact
that a plea of true was entered. Wilson, 671 S.W.2d at 526. 
          In the absence of contrary evidence, we presume the regularity of the trial
court’s judgments and records. Jones v. State, 77 S.W.3d 819, 822 (Tex. Crim. App.
2002); Murphy v. State, 95 S.W.3d 317, 320 (Tex. App.—Houston [1st Dist.] 2002,
pet. ref’d). The State makes a prima facie case that a conviction is final and worthy
of respect when it offers a certified copy of the accompanying judgment and sentence. 
Jones, 77 S.W.3d at 822–23. When a conviction appears to be final on its face, it is
the defendant’s burden to show that such conviction is not final. Id. at 823; Ashley
v. State, 527 S.W.2d 302, 305 (Tex. Crim. App. 1975).
          Here, the record affirmatively shows that appellant pleaded “true” to the first
enhancement paragraph. When asked by the trial judge how he pleaded to both of the
enhancement allegations, appellant answered “True, ma’am.” Because he pleaded
“true” to the first enhancement paragraph, appellant is precluded from complaining
on appeal about the sufficiency of the evidence to support the finding of true. 
          Accordingly, we overrule appellant’s first point of error. 
          Turning to appellant’s second point of error, in which he argues the evidence
was insufficient to prove the conviction in cause number 398179 was final, we note
that appellant stipulated to the conviction, and the judgment and sentence reflecting
that conviction were admitted as evidence during the punishment phase of trial. A
clerk’s notation on the judgment and sentence indicates that an appeal was taken and
that a mandate of affirmance was issued. Because there is no evidence in the record
that either contradicts the clerk’s notation or shows that the conviction was not final,
we presume the regularity of the trial court’s judgment and hold that the evidence was
sufficient to establish the finality of the conviction in cause number 398179. 
          Accordingly, we overrule appellant’s second point of error.
Ineffective Assistance of Counsel
In his fourth point of error, appellant contends that he received ineffective
assistance of counsel. Specifically, appellant argues that defense counsel was
ineffective (1) during the guilt-innocence phase when he failed to object before
arraignment to the State’s motion to amend the indictment, (2) during the punishment
phase when he stipulated to two prior felony convictions before the jury, including
an enhancement conviction for which a mandate of affirmance was not attached, and
(3) during the punishment phase when he agreed to stipulate that appellant was
convicted in cause number 398179. We disagree. 
Standard of Review
Appellant was entitled to the reasonably effective assistance of counsel. U.S.
Const. amend. VI; Tex. Const. art. I, § 10; Ex Parte Prejean, 625 S.W.2d 731, 733
(Tex. Crim. App. 1981). The right extends to both trial and appeal. Gideon v.
Wainwright, 372 U.S. 335, 344, 83 S. Ct. 792, 796–97 (1963); Buntion v. Harmon,
827 S.W.2d 945, 948 (Tex. Crim. App. 1992). The standard of review for evaluating
claims of ineffective assistance of counsel is set forth in Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). Appellant must show that (1)
counsel’s performance was so deficient that he was not functioning as acceptable
counsel under the Sixth Amendment and (2) but for counsel’s error, the result of the
proceedings would have been different. Id. at 687, 104 S. Ct. at 2064. The Strickland
standard applies to both the guilt and punishment phases of trial. Id. at 772.
To prevail, appellant must show ineffective assistance by a preponderance of
the evidence. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). In
addition, appellant must overcome the “strong presumption that counsel’s conduct
falls within the wide range of reasonable professional assistance” or might reasonably
be considered sound trial strategy. Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.
As the reviewing court, we consider the adequacy of assistance as viewed at
the time of trial, not through the advantage of hindsight. Hawkins v. State, 660
S.W.2d 65, 75 (Tex. Crim. App. 1983). We cannot speculate as to the reasons why
trial counsel behaved as he did; rather, we must be highly deferential and presume
that counsel’s actions fell within the wide range of reasonable and professional
assistance. See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The
Court of Criminal Appeals has held that, generally, trial counsel should be given an
opportunity to explain his actions before being denounced as ineffective. Rylander
v. State, 101 S.W.3d 107, 111 (Tex. Crim. App.2003). Otherwise, “the record on
direct appeal is undeveloped and cannot adequately reflect the motives behind trial
counsel’s actions.” Id. at 110–11 (quoting Mallett v. State, 65 S.W.3d 59, 63 (Tex.
Crim. App. 2001)).Analysis

          We first address appellant’s contention that counsel’s performance fell below
the Strickland standard when counsel failed to object to the State’s motion to amend
the indictment. Appellant has not, however, made clear his reasons for finding the
State’s amendment objectionable. In his brief, appellant notes that trial court signed
the State’s motion to amend the indictment, but did not indicate in writing whether
the motion was granted or denied. It cannot be said that, but for counsel’s failure to
object to the lack of a written ruling on the motion to amend the indictment, the
outcome of the trial would have been different. As a result, counsel’s failure to object
does not fall below the constitutionally mandated standards of Strickland. 
Appellant’s argument is not supported by the record. 
          Appellant next suggests that he received ineffective assistance when counsel
advised him to plead true to the first enhancement paragraph and to stipulate to seven 
prior felony convictions, including a prior conviction for robbery in cause number
398179. Appellant argues that no competent trial attorney would stipulate to more
felony convictions than necessary while failing to present any witnesses or other
mitigating evidence at punishment. Because the decision whether to present
witnesses is largely a matter of trial strategy, we will not speculate as to the reasons
for counsel’s decision in the face of a record that is silent on the matter. See Bone,
77 S.W.2d at 833; see also Rodd v. State, 886 S.W.2d 381, 384 (Tex. App.—Houston
[1st Dist.] 1994, pet. ref’d). Moreover, the jury was not privy to information about
appellant’s prior felony convictions until the punishment phase of trial. While the
stipulations and plea of true had no bearing on the jury’s determination of appellant’s
guilt or innocence, the prior convictions were used to elevate appellant to the status
of a habitual offender. Even absent the stipulation and plea of true, however, the
prior convictions would have been admissible into evidence for the jury’s
consideration. As a result, it cannot be said that, but for counsel’s decision to
stipulate to the prior convictions and plead true to the enhancement paragraphs, the
result of appellant’s trial would have been different. Appellant’s argument is not
supported by the record. 
          Accordingly, appellant’s fourth issue is overruled.
Conclusion
          We affirm the judgment of the trial court. 
 

                                                             George C. Hanks, Jr.
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
Do not publish. Tex. R. App. P. 47.4.