NO.
12-07-00280-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

§                      

IN RE:

STATE OF
TEXAS   §                      ORIGINAL
PROCEEDING

RELATOR

§                      

                                                                                                                                                           


OPINION

            The
State of Texas seeks a writ of mandamus ordering the trial court to disqualify
a defendant’s trial counsel in a criminal case.[1]  We deny the requested relief. 

 

Background

            According
to a police report filed as an appendix to the State’s petition, Lyle Smith and
Jason Usry were involved in a motor vehicle accident.  At least one of the witnesses suggested that
the two men had been racing their automobiles, and both men were arrested for
driving while intoxicated.  A trial was
held in the matter of the State of Texas v. Lyle Smith, in which Smith was
charged with the class “B” misdemeanor offense of driving while
intoxicated.  During trial, the State
offered a videotape recorded by a police officer investigating the case.  The trial court excused the jury and held a
hearing on the admissibility of the tape. 
The attorneys had attempted to reach an agreement to admit the tape, but
Smith’s counsel explained to the court that the parties had not been able to do
so and that he objected to parts of the tape on various grounds.  The State responded that the entirety of the
tape was admissible and that Smith’s counsel should be disqualified because his
representation of both Smith and Usry presented a conflict of interest because
the State intended to call Usry as a witness. 
Smith’s counsel argued that there was no conflict of interest and that
the State could not call Usry as a witness because it had not disclosed him
prior to trial.  The trial court
suspended the proceedings and took up the matter the following day.

            The
next day, the trial court considered whether Smith’s counsel should be
disqualified and whether Usry could be called by the State as a witness.  The State conceded that Usry had not been
listed as a witness as required but argued that he was a rebuttal witness.  The trial court did not make a formal ruling
as to whether Usry could be called as a witness, but said “I understand you’re
thinking of rebuttal.  That’s the only
way I can figure out that you could get past not giving it to the opposing side
. . .” and then went on to say that Usry was a “logical rebuttal witness.”  

            The
State then told the court that it wished to make a plea offer to Usry in
exchange for his testimony.  The State
would not put an offer on the record, and the court ordered Usry to meet with
the State’s attorneys in private without his counsel and discuss their proposal.  The State apparently did not make a formal
offer to Usry, but did have discussions with him.  Following the meeting, Usry testified that he
had never before been made an offer by the State, that he did not wish to
accept an offer, and that he would assert his Fifth Amendment right not to
testify if called as a witness.  

            At
the end of the hearing, the trial court denied the motion to disqualify Smith’s
counsel.  The State filed this
application for writ of mandamus, and the trial court stayed the proceedings.

 

Conflict of Interest

            Mandamus relief is appropriate if
the relator can demonstrate that the act sought to be compelled is purely
ministerial and that the relator has no other adequate remedy by appeal.  State ex rel. Rosenthal v. Poe,
98 S.W.3d 194, 198 (Tex. Crim. App. 2003). 
The ministerial act requirement is satisfied only if the relator has a “clear
right to the relief sought,” the relief sought is “clear and absolute,” and the
merits are beyond dispute so that nothing is left to the exercise of discretion
or judgment.  Id.  A ruling on a motion to disqualify counsel is
a proper subject for mandamus review.  In re Basco, 221 S.W.3d 637, 639
(Tex. 2007) (orig. proceeding). 

            As the Supreme Court has recognized,
a trial court faced with deciding whether to disqualify a defendant’s counsel
usually must evaluate the situation in the “murkier pretrial context when
relationships between parties are seen through a glass, darkly.” Wheat v.
United States, 486 U.S. 153, 162, 108 S. Ct. 1692, 1699, 100 L. Ed. 2d
140 (1988).  The task is further
complicated because a defendant whose counsel remains in place may later claim
that he received ineffective assistance of counsel, while a defendant whose
counsel is removed may complain that his Sixth Amendment right to counsel has
been abrogated.  Id., 466
U.S. 161–62, 108 S. Ct. at 1698. 

            The State addresses the first of
these concerns when it argues that the trial in its current posture is an “obvious
train wreck” because Smith will be able to claim on appeal that his attorney
had conflicting loyalties to two clients. 
The State also argues that it is deprived of its right to a fair trial
because counsel’s joint representation has prevented it from reaching a plea
agreement with Usry or talking with him.

            The implicit assumption in these
arguments that Usry will be a witness is, we conclude, without basis.  Consequently, and for reasons we will
explain, we conclude that the trial court did not err.  The relevant ethical rules are a guide for a
court deciding whether counsel must be disqualified, but they do not purport to
provide a disqualification standard.  See In Re EPIC Holdings, Inc.,
985 S.W.2d 41, 48 (Tex. 1998); see also Gonzalez v. State, 117
S.W.3d 831, 837–38 (Tex. Crim. App. 2003). 
And the ethical rules allow for representation of clients with adverse
claims or interests if counsel reasonably believes that each client will not be
materially affected and if the clients consent. 
See Tex. R. Disciplinary
P. 3.06(b), (c), reprinted in Tex.
Gov’t Code Ann., tit. 2, subtit. G app. A (Vernon Supp. 2007) (Tex. State Bar R. art. X, § 9); see
also Ex parte Prejean, 625 S.W.2d 731, 733 n.6 (Tex. Crim. App.
1981).

            Unlike in the Wheat
case, the trial court here was not called upon to pass on this question before
trial.  Rather, this issue was raised on
at least the second day of trial, and the positions of the parties were well
established.  An employee of the office
of the district attorney asked Usry to come to the courthouse the morning of
the disqualification hearing, and he was served with a subpoena to testify in
Smith’s trial when he arrived.  Smith
objected to Usry’s being called as a witness because he had not been disclosed
by the State prior to trial.  The trial
court never formally ruled on that objection. 
But the court noted, and the State conceded, that Usry had not been
listed as a witness.  The trial court
agreed with the State that it would be permissible to call Usry absent
disclosure if he was an unanticipated rebuttal witness, but appeared to disagree
with the State’s implicit contention that it could not have reasonably
anticipated that Usry would be a rebuttal witness.  See Stoker v. State, 788 S.W.2d
1, 15 (Tex. Crim. App. 1989) (Whether an undisclosed rebuttal witness
was reasonably anticipated is relevant to the question of whether a witness
should be excluded.).

            Smith had not waived a conflict of
interest at trial,[2] and so we think it plain that trial counsel’s
competing loyalties would make it impossible for him to cross examine his
client Usry about whether his client Smith was intoxicated and operating a
motor vehicle, the information the State sought to elicit from him.  See Wheat, 486 U.S. at 164, 100
L. Ed. 2d at 1699; Glasser v. United States, 315 U.S. 60, 73, 62
S. Ct. 457, 466, 86 L. Ed. 680 (1942). 
And counsel would be hopelessly conflicted if called upon to advise one
client whether to accept a plea agreement and testify against another.  See, e.g., Holloway v.
Arkansas, 435 U.S. 475, 489-90, 98 S. Ct. 1173, 1181-82, 55 L. Ed. 2d
426 (1978).  Therefore, the trial court’s
ruling is correct if the trial court had determined it would grant Smith’s
motion to exclude Usry as a witness.[3]  That conclusion is supported by the record,
and by the trial court’s comments about the matter.

            If Usry is not to be a witness,
Smith’s counsel would not be called upon to cross examine him.  The State had not offered either man immunity
and had not offered Smith a plea agreement in exchange for testimony against
Usry.[4]  As such, no question of Smith’s suffering
from the divided loyalties of his counsel is presented on the facts as they
appeared at the time the trial court made its ruling.[5]  Simply put, Usry’s decisions to reject the
proposed plea agreement and to assert his Fifth Amendment right not to testify
not only inure to Smith’s benefit—because those decisions mean Usry would not
be a witness against him—but are not relevant if Smith could prevent Usry from
being a witness because he was not disclosed prior to trial.

            Finally, the State argues that its
right to a fair trial is compromised because the State’s lawyers cannot talk to
Smith or Usry, because they are represented by counsel, and because it has not
been able to convince Usry to be a witness against Smith, a turn of events the
State attributes to the joint representation of counsel.  We agree that the State has a right to a fair
trial, but we do not understand that right to go so far as the State would
suggest here, and the State offers no authority for its assertions.  Furthermore, even if the State had a
justiciable interest in talking to Usry, or to offer him a plea agreement,
neither question is relevant to the narrow issue here because we have concluded
that the trial court decided that Usry could not be called by the State as a
witness at Smith’s trial.  

            

Conclusion

            Because the trial court decided that
Usry would not a witness at Smith’s trial, the trial court determined that
Smith’s counsel did not have a conflict of interest in continuing to represent
Smith at the time the State sought to disqualify him.  The State has not shown that the court’s
ruling on its motion to disqualify Smith’s counsel is a purely ministerial act
or that it has a clear right to the relief sought.  The petition for writ of mandamus is denied.  

 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

 

Opinion delivered February 29,
2008.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1]
The respondent is the Honorable Randall Lee
Rogers, Judge of the County Court at Law No. 2, Smith County, Texas.  Lyle Smith is the real party in interest. 





[2] The State attributes the lack of a waiver to the trial court because
the court sustained objections to the State’s questions of Smith’s counsel
about a conflict even though it never sought to ask Smith, or his counsel,
questions that it now argues are the appropriate inquiry pursuant to United
States v. Greig, 967 F.2d 1018, 1022 (5th Cir. 1992).  The State posits in its brief that “[t]he
purpose of the [disqualification] hearing is to ensure that the defendant: (1)
is aware that a conflict of interest exists; (2) realizes the potential hazards
to his defense by continuing with such counsel under the onus of a conflict;
and (3) is aware of his right to obtain other counsel.”  However, the questions to which objections
were sustained were whether counsel was aware of possible conflicts of
interest that could arise in dual representation situations, why he did not
believe it was a conflict, if he was aware of the ethical implications that
arise from representing two people who may have conflicting interests, and if
he was familiar with Rule 1.06.

                Smith
blames the State, claiming that it “fumbled the hearing.”  But Smith essentially admits that he had not
waived any conflict of interest on the record by attaching to his brief an
affidavit waiving a conflict.  The
procedure for waiving a conflict of interest is well established.  See Ex parte Prejean, 625
S.W.2d at 733.  A trial court is not
bound to accept such a waiver.  See
Wheat, 486 U.S. at 163, 108 S. Ct. at 1699.  We think the trial court was well aware of
this procedure, but did not ask Smith for a waiver because it had decided that
Usry would not be a witness.





[3]
Neither party has deduced what we have
determined to be a simple syllogism: counsel cannot cross examine Usry; the
trial court did not disqualify counsel; therefore the trial court concluded
that Usry would not be a witness.  We are
cognizant that the State’s failure to interpret the trial court’s ruling as we
have means it has not briefed the issue of whether the trial court properly
excluded Usry.  However, such decisions
are committed to a trial court’s discretion, and as such generally would not be
appropriate for review by writ of mandamus. 
On the other hand, if we misperceived the trial court’s implicit ruling
on the question of whether Usry would be a witness, we think, for the reasons
set out above, that it is clear that counsel cannot represent Smith and cross
examine Usry unless Smith waives the conflict and the trial court determines
that it will accept that waiver.





[4]
The court in Wheat alluded to the
potential problem of a party manufacturing a conflict of interest. Wheat,
486 U.S. at 163, 100 L. Ed. 2d at 1699. 
Based on the limited record before us, we cannot conclude that the trial
court believed that the State sought to manufacture a conflict of interest in
this case.





[5]
The State also argues that Usry would not
receive conflict free counsel because counsel would have to cross examine Smith
at Usry’s trial.  This question does not
appear to be ripe, and we express no opinion on it.  The State sought to disqualify counsel for
Smith’s trial, at Smith’s trial; and it is that proceeding from which it seeks
a writ of mandamus.  The State also
argues that Usry is poorly served by counsel’s not giving him advice as to
whether to accept the State’s tentative offer to him.  As the trials are separate, and since the
trial court decided Usry would not be a witness, the trial court could have
reasonably concluded that question was not relevant to whether counsel should
be disqualified in the middle of Smith’s jury trial.  See Spears v. Fourth Court of
Appeals, 797 S.W.2d 654, 656 (Tex. 1990) (“The courts must adhere to an
exacting standard when considering motions to disqualify so as to discourage
their use as a dilatory trial tactic.”).