

# IN THE
# TENTH COURT OF APPEALS

### No. 10-16-00219-CR

**TOSHA LYNN HOUSTON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 249th District Court**
**Somervell County, Texas**
**Trial Court No. 249-00873**

## MEMORANDUM OPINION

In one issue, appellant, Tosha Lynn Houston, contends that the trial court erred in failing to make a sufficient inquiry into her desire to be represented by the counsel of her choice. We affirm.

### I. BACKGROUND

Here, Houston was charged by indictment with: (1) unlawful possession of a controlled substance—methamphetamine—in an amount greater than two grams, but

less than 200 grams ("Count 1"); and (2) possession of a prohibited substance—methamphetamine—in a correctional facility ("Count 2"). Also included in the indictment was an enhancement paragraph referencing Houston's prior felony conviction for robbery. Houston entered an open plea of guilty to Count 1 and agreed to plead "true" to the enhancement paragraph in exchange for the State dropping Count 2. The trial court accepted Houston's guilty plea as to Count 1 and plea of "true" to the enhancement paragraph, and this matter was tried to a jury on punishment. At the conclusion of the evidence, the jury assessed punishment at eighty years in the Institutional Division of the Texas Department of Criminal Justice. Houston filed motions for a new trial and in arrest of judgment—both of which were overruled by operation of law. *See* TEX. R. APP. P. 21.8(a), (c). This appeal followed.

## II.   ANALYSIS

In her sole issue on appeal, Houston contends that the trial court denied her Sixth Amendment right to counsel of choice by not making a sufficient inquiry when Houston stated at a pre-trial hearing that she wished to be represented by another attorney. We disagree.

### A.   Facts

Attorney Kriste Burnett was originally appointed to represent Houston. However, on May 10, 2016, attorney Robert Kersey filed a motion for substitution of counsel in the trial court. In his motion, Kersey indicated that he had been "employed to represent

Tosha Lynn Houston." The following day, the trial court granted Kersey's motion, thereby substituting him as counsel for Houston and discharging Burnett. Numerous pre-trial hearings were conducted in this matter. At a pre-trial hearing conducted on June 8, 2016, the trial court indicated that this matter was set for a jury trial on punishment for June 20, 2016.

At another pre-trial hearing conducted on June 17, 2016, a mere three days before trial, Houston stated that she did not want a trial. Kersey explained to the court that Houston's response was due to her surprise and disappointment in learning that the State had "withdrawn their offer in the case." After speaking with Houston during a court recess, Kersey later announced ready for the June 20, 2016 trial date. The State then informed the trial court that Houston was going to enter an open plea of guilty and go to the jury on punishment. In response, Houston stated a second time that she did not want to go to trial. Kersey informed Houston of the following: "Each side has a right to a jury trial, okay? If you don't want a jury trial, they can demand one, okay?" Kersey also told Houston that, by withdrawing the offer, the State intended to go to trial. Thereafter, Houston exclaimed, "I'm not going to trial, sir. I don't want to. I don't want to chance it." As the trial court and attorneys discussed the necessity of Houston appearing in court in civilian clothes, Houston requested another attorney because she did not "trust—I don't trust going to trial." Houston was not allowed to replace Kersey as her attorney, and this matter was tried to the jury on punishment three days later.

**B.     Applicable Law**

A defendant's right to have assistance of counsel during a criminal proceeding is guaranteed by both the United States and Texas Constitutions.  U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *see also* TEX. CODE CRIM. PROC. ANN. art. 1.051(a) (West Supp. 2016) ("A defendant in a criminal matter is entitled to be represented by counsel in an adversarial judicial proceeding.").  This right includes the defendant's right to obtain that assistance from retained counsel of her choosing.  *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 126 S. Ct. 2557, 2561, 165 L. Ed. 409 (2006); *see Gonzalez v. State*, 117 S.W.3d 831, 836-37 (Tex. Crim. App. 2003); *Ex parte Prejean*, 625 S.W.2d 731, 733 (Tex. Crim. App. 1981) (stating that the right to assistance of counsel, "of course, includes freedom of choice in the selection of counsel by the accused"); *see also Powell v. Alabama*, 287 U.S. 45, 53, 53 S. Ct. 55, 77 L. Ed. 158 (1932) ("It is hardly necessary to say that the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice.").  "Deprivation of the right is 'complete' when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of representation he received."  *Gonzalez-Lopez*, 548 U.S. at 148, 126 S. Ct. at 2563; *see, e.g., Obando v. State*, No. 14-07-00359-CR, 2008 Tex. App. LEXIS 3725, at *6 (Tex. App.—Houston [14th Dist.] May 20, 2008, no pet.) (mem. op., not designation for publication).

A defendant's right to obtain assistance from the counsel of her choosing, however, is not absolute.  *See Gonzalez*, 117 S.W.3d at 837.  "[W]hile there is a strong

presumption in favor of a defendant's right to retain counsel of choice, this presumption

may be overridden by other important considerations relating to the integrity of the

judicial process and the fair and orderly administration of justice." *Id.*; *see Webb v. State*,

533 S.W.2d 780, 784 (Tex. Crim. App. 1976) ("Thus, an accused may not wait until the day

of trial to demand different counsel or to request that counsel be dismissed so that he

may retain other counsel."). Among other things, "a trial court [has] wide latitude in

balancing the right to counsel of choice against the needs of fairness and against the

demands of its calendar." *Gonzalez-Lopez*, 548 U.S. at 152, 126 S. Ct. at 2566-67 (citations

omitted); *see Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982) (listing factors

to be weighed in balancing defendant's right to counsel of choice against the trial court's

need for prompt and efficient administration of justice)[1]; *see also Martinez v. State*, No. 01-

12-00892-CR, 2014 Tex. App. LEXIS 5105, at **10-11 (Tex. App.—Houston [1st Dist.] May

---

[1] In determining whether a trial court abused its discretion in denying a motion for continuance to obtain new counsel, the Court of Criminal Appeals outlined the following factors, which are not exhaustive:

> While not a complete listing some of the factors include the following: (1) the length of the delay requested, (2) whether other continuances were requested and whether they were denied or granted, (3) the length of time in which the accused's counsel had to prepare for trial, (4) whether another competent attorney was prepared to try the case, (5) the balanced convenience or inconvenience to the witnesses, opposing counsel, and the trial court, (6) whether the delay is for legitimate or contrived reasons, (7) whether the case was complex or simple, (8) whether a denial of the motion resulted in some identifiable harm to the defendant, [and] (9) the quality of legal representation actually provided. In addition to all of these factors, it must be remembered that the public interest in the fair and orderly administration of justice may be greater than a defendant's right to have counsel of his choice.

*Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982) (internal citations omitted).

13, 2014, no pet.) (mem. op., not designated for publication). A trial court violates a criminal defendant's constitutional rights when this balancing reveals that the court unreasonably or arbitrarily interfered with a defendant's right to counsel. *Gonzalez*, 117 S.W.3d at 837.

## C.    Discussion

Based on our review of the record, we cannot say that the trial court abused its discretion in denying Houston's request for a new attorney. Specifically, the record reflects that Houston retained Kersey as counsel and that she did not state any dissatisfaction with his representation when she made her request for new counsel. As noted by Kersey at the pre-trial hearing, Houston had just learned that: (1) the State had pulled its plea offer and intended to go to trial; and (2) the State had a right to a jury trial. And given this information, it likely became apparent that: (1) Houston might receive a far greater sentence from the jury than what the State had offered; and (2) it was unlikely that any deal could be made with the State. Moreover, it was only after these realizations that Houston made her request for new counsel, a mere three days before trial. Furthermore, in making her request, Houston noted that she did not want to go to trial and that she intended to employ new counsel in an attempt to avoid going to trial.

Therefore, because of the foregoing facts, and because "a trial court [has] wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar," *Gonzalez-Lopez*, 548 U.S. at 152, 126 S. Ct. at 2566-67,

we cannot say that the trial court unreasonably or arbitrarily interfered with Houston's right to counsel. *See Gonzalez*, 117 S.W.3d at 837; *Ex parte Windham*, 634 S.W.2d at 720; *see also Martinez*, 2014 Tex. App. LEXIS 5105, at **10-11. And though Houston complains that the trial court should have inquired further into her request for new counsel, it is our opinion that, based on the governing case law listed above and the conversation that transpired during the pre-trial hearing, no further inquiry was necessary. Houston's request was designed to delay or avoid trial, and the trial court was within its discretion to decline to acquiesce to Houston's request to maintain the integrity of the judicial process and the fair and orderly administration of justice. *See Gonzalez*, 117 S.W.3d at 837. Accordingly, we conclude that the trial court did not abuse its discretion in denying Houston's eleventh-hour request for new counsel. *See Gonzalez*, 117 S.W.3d at 837; *Ex parte Windham*, 634 S.W.2d at 720; *Webb*, 533 S.W.2d at 784; *see also Martinez*, 2014 Tex. App. LEXIS 5105, at **10-11. We overrule her sole issue on appeal.

## III.    CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed May 31, 2017
Do not publish
[CRPM]

