Billy Frederick ALLEN, Appellant,

v.

The STATE of Texas, Appellee.

No. 48625.

Court of Criminal Appeals of Texas.

June 26, 1974.

**54**

---

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty. and Richard W. Wilhelm, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from conviction for robbery; punishment was assessed at fifteen years.

■ By his first and fourth grounds of error, appellant contends the trial court erred in overruling his motion for new trial and in denying him compulsory process for a witness at the hearing on the motion for new trial. The record reflects that appellant was tried and judgment entered in July of 1970. His original motion for new trial was filed July 30, 1970. Under the provisions of Article 40.05, Vernon's Ann.C.C.P., this motion was overruled by operation of law twenty days thereafter. There is no showing in the record that any extension of time was granted or that good cause for any extension existed. Neither the trial court's action in overruling the amended motion for new trial nor process for attendance of witnesses for the hearing on said motion is before us for review where it appears from the record that said motion was filed *over two years* after conviction. See St. Jules v. State, Tex.Cr.App., 438 S.W.2d 568.

■ Appellant next contends the trial court erred in denying his motion to suppress the in-court identifications by witnesses Ruiz and Cole. Following a pretrial hearing on the motion to suppress, the court denied the motion and entered findings of fact and conclusions of law. After reviewing the evidence, we find the trial court's decision is fully supported by the record. It appears that three photographic displays and one line-up were conducted in the investigation of this case. The first photographic display contained no photograph of appellant. At the second display a tentative identification was made, but the witnesses were not positive because of the poor quality of the picture. Identification was positive at the third display and also at the line-up, at which counsel for the accused was present. Each identification by each witness was made in the absence of the other. No suggestion was made by the investigating officers regarding who, if any of the persons in the line-up, were suspects in the case. The record supports the trial court's conclusion that the identifications were untainted and admissible.

■ Appellant's remaining contention is that the court erroneously overruled his special requested charge for an instruction under Article 38.23, V.A.C.C.P., with respect to the identification testimony. He cites no authority for the application of that article to in-court identifications. By its own terms it applies to illegally obtained evidence. We hold that in-court identifications are not within the scope of Article 38.23, supra.

Finding no reversible error, the judgment is affirmed.