*Court of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*



# OPINION

No. 04-10-00122-CR

Jerry **PEREZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2009-CRR00-366-D3
Honorable Elma T. Salinas-Ender, Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice

Delivered and Filed:  August 24, 2011

AFFIRMED

Appellant Jerry Perez was charged with aggravated robbery and theft.  A jury convicted

Perez and the court sentenced him to nine years for the robbery and two years for the theft.  On

appeal Perez raises three issues involving ineffective assistance of trial counsel: (1) counsel had

an actual conflict of interest, and the trial court erred by not holding a *Garcia* hearing; (2)

counsel failed to object to the State's alleged bolstering during its closing argument, and the trial

court failed to act *sua sponte*; and (3) counsel failed to object or request a limiting instruction on

inadmissible hearsay testimony either during examination or when the State referred to it during closing argument. We affirm the trial court's judgment.

## BACKGROUND

Moises Navarro worked for Wilkinson Brothers Iron & Metal, Inc. and handled monies for the company. On September 3, 2008, Navarro and Manuel Escalante were in a company truck taking cash to one of the company sites. While the truck was stopped at the entrance gate, a man approached the truck, pointed a gun at Navarro, and demanded money. The assailant struck Navarro with the gun and fled with the cash box.

Three days later, Perez's brother told police investigating an unrelated domestic dispute that Perez had been involved in a recent robbery. Based on this information, Detective Flores separately showed Navarro and Escalante a photo lineup that included a photograph of Jerry Perez. Both men identified Perez as the person who assaulted and robbed Navarro on September 3. On October 7, 2008, then-Webb County Assistant District Attorney Eduardo Castillo signed an Arrest Warrant Approval Form for the arrest of Jerry Perez. Without taking any further action in the case, Castillo left the District Attorney's office and went into private practice.

Perez was initially represented by an attorney from the public defender's office, but she withdrew because she knew the victim. Later, Perez received a different appointed counsel: Castillo. During a pretrial hearing, Castillo questioned Perez on the record about a potential conflict of interest based on Castillo having signed the arrest warrant. Perez said he waived his right to appeal on that issue and asked to proceed to trial with Castillo as his defense counsel. Perez's counsel also presented, and the court approved, a motion in limine prohibiting the State from mentioning Castillo's name or referring to the fact that Castillo was the person who

approved the arrest warrant. Perez was convicted by a jury on both counts and now appeals his convictions.

**ACTUAL CONFLICT OF INTEREST AND *GARCIA* HEARING**

In his first issue, Perez asserts he received ineffective assistance of counsel because his court-appointed attorney had an actual conflict, and the trial court erred by not holding a *Garcia* hearing. *See United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975).

## A. Standard of Review

Most claims of ineffective assistance of counsel are reviewed under *Strickland v. Washington*, 466 U.S. 668 (1984), but claims involving an actual conflict of interest are reviewed under *Cuyler v. Sullivan*, 446 U.S. 335 (1980). *Acosta v. State*, 233 S.W.3d 349, 356 (Tex. Crim. App. 2007); *Chavez v. State*, 6 S.W.3d 66, 73 (Tex. App.—San Antonio 1999, pet. ref'd). *Cuyler*'s less burdensome standard applies if the appellant can show defense counsel had an actual conflict of interest. *Acosta*, 233 S.W.3d at 356; *see Monreal v. State*, 947 S.W.2d 559, 565 (Tex. Crim. App. 1997).

## B. *Cuyler* Exception to *Strickland* Standard

### 1. Alleged Conflict of Interest

To invoke the *Cuyler* exception to *Strickland*, the appellant must show (1) counsel had an *actual* conflict of interest and (2) that conflict adversely affected counsel's performance at trial. *Cuyler*, 446 U.S. at 350; *Acosta*, 233 S.W.3d at 355. We presume prejudice if an appellant shows both. *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex. Crim. App. 1999) (citing *Strickland*, 466 U.S. at 692).

### 2. *Actual Conflict*

Counsel has an actual conflict of interest if he "'is required to make a choice between advancing his client's interest in a fair trial or advancing other interests (perhaps counsel's own) to the detriment of his client's interest.'" *Acosta*, 233 S.W.3d at 355 (quoting *Monreal*, 947 S.W.2d at 564); *see also Mickens v. Taylor*, 535 U.S. 162, 171 (2002) (clarifying the phrase "actual conflict of interest" in a remand instruction in a previous case by stating "we think 'an actual conflict of interest' meant precisely a conflict *that affected counsel's performance*—as opposed to a mere theoretical division of loyalties"). "An appellant must identify specific instances in the record that reflect a choice that counsel made between possible alternative courses of action, such as 'eliciting (or failing to elicit) evidence helpful to one [interest] but harmful to the other.'" *Gaston v. State*, 136 S.W.3d 315, 318 (Tex. App.—Houston [1st Dist.] 2004, pet. struck) (en banc) (quoting *Ramirez v. State*, 13 S.W.3d 482, 488 (Tex. App.—Corpus Christi 2000, pet. dism'd)). "[A] potential conflict may become an actual conflict, but [an appellate court need not] speculate about a strategy an attorney might have pursued . . . in the absence of some showing that the potential conflict became an actual conflict." *Routier v. State*, 112 S.W.3d 554, 585 (Tex. Crim. App. 2003) (referencing the analysis in *James v. State*, 763 S.W.2d 776, 781 (Tex. Crim. App. 1989)). "'[U]ntil a defendant shows that his counsel *actively represented conflicting interests*, he has not established the constitutional predicate for his claim of ineffective assistance.'" *Acosta*, 233 S.W.3d at 355 (quoting *Cuyler*, 446 U.S. at 349–50).

### 3. *Adverse Effect*

To show that an actual conflict of interest adversely affected counsel's performance, the appellant must show "that trial counsel actually acted on behalf of those other interests during the trial." *Id.* The appellant must show that his trial counsel "had to forego a strategy in the

appellant's trial that he would have otherwise pursued if he had not represented [a conflicting interest]." *See Routier*, 112 S.W.3d at 586.

### 4. *Voluntary Waiver*

A defendant can waive the right to conflict-free counsel if he does so knowingly and voluntarily. *Ex parte Prejean*, 625 S.W.2d 731, 733 (Tex. Crim. App. 1981); *Brink v. State*, 78 S.W.3d 478, 485 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *see also United States v. Greig*, 967 F.2d 1018, 1021 (5th Cir. 1992). A waiver should show that the defendant understands all three elements: (1) he is aware of the conflict of interest, (2) he realizes the consequences of continuing with such counsel, and (3) he is aware of his right to obtain other counsel. *Greig*, 967 F.2d at 1022; *Prejean*, 625 S.W.2d at 733 (citing *Gray v. Estelle*, 616 F.2d 801, 804 (5th Cir. 1980)).

### 5. Garcia *Hearing*

When a court is alerted to or aware of an actual conflict, it must conduct a hearing to ensure that a defendant is knowingly, intelligently, and voluntarily waiving his right to conflict-free counsel. *Cuyler*, 446 U.S. at 346–47; *Ramirez*, 13 S.W.3d at 487 (citing *Greig*, 967 F.2d at 1022). This hearing is commonly referred to as a *Garcia* hearing. *See United States v. Garcia*, 517 F.2d 272 (5th Cir. 1975). The court is required to conduct a *Garcia* hearing only if the court "knows or should reasonably know of an *actual* conflict." *Gaston*, 136 S.W.3d at 324 (Higley, J., concurring) (emphasis altered) (citing *Cuyler*, 446 U.S. at 347).

## C. Potential Conflict Insufficient

To invoke *Cuyler*'s lesser burden, Perez must show an actual conflict, not just a potential conflict. *See Ex parte McFarland*, 163 S.W.3d 743, 759 n.52 (Tex. Crim. App. 2005) (citing *Routier*, 112 S.W.3d at 585–86); *Monreal*, 947 S.W.2d at 565; *see also Mickens*, 535 U.S. at

171. A potential conflict is not enough. *See Mickens*, 535 U.S. at 171; *Ex parte Meltzer*, 180 S.W.3d 252, 256 (Tex. App.—Fort Worth 2005, no pet.) (op. on reconsideration) (citing *Routier*, 112 S.W.3d at 581–82). Perez asserts an actual conflict existed because Castillo formerly represented the State: he signed the arrest warrant approval form. But the mere fact that Castillo formerly represented the State does not prove an actual conflict. *See Routier*, 112 S.W.3d at 581. Perez must show that Castillo advanced the State's interest to the detriment of Perez's interest.[1] *See Acosta*, 233 S.W.3d at 355.

### 1. *State's Interest*

The State's interest was manifest in the bench conference on Perez's motion in limine: the State wanted to rebut the defense's theory that the investigation was sloppy and incomplete— a rush to judgment that mistakenly identified Perez as the culprit. The State wanted to tell the jury that Castillo signed the warrant so that it could defend its investigation and obtain a conviction. Castillo had to believe that there was probable cause when he signed the warrant, and therefore the State wanted to show the warrant process—and by implication the rest of the investigation—was carefully conducted, and the State had not rushed to judgment.

### 2. *Perez's Interest*

On the other hand, Perez's interest was also clear: he wanted to vigorously pursue a mistaken identity defense. Perez wanted to show that the State had conducted a sloppy investigation, had failed to pursue other possible suspects, and had failed to conduct a number of steps that are often performed in an investigation. Perez wanted to attack the investigation to show that others, not Perez, had committed the charged offenses and the State's sloppy investigation had mistakenly identified Perez.

---

[1] Neither Perez's brief nor his oral argument specifically identifies the State's interest that Castillo advanced at Perez's detriment. *See Gaston*, 136 S.W.3d at 318 (failing to comply with *Gaston*'s requirements).

### 3. *Motion in Limine*

During a bench conference just before the court granted the motion in limine, Castillo conceded that the State had probable cause to issue the warrant. He suggested that the State could tell the jury that the District Attorney's office had approved the arrest warrant, but asked that the jury not hear that he signed it. Castillo repeatedly asserted that he was advancing a mistaken identity defense based on a sloppy investigation after the warrant issued. The court granted the motion in limine: the State could show that the District Attorney's office approved the arrest warrant but could not disclose who signed the form.

### 4. *No Actual Conflict*

The record shows that Castillo did not advance the State's interest in preserving the integrity of its investigation. When cross-examining the lead detective, Castillo vigorously attacked all of the four points in the arrest warrant approval form that linked Perez to the crime. Castillo challenged the initial report from Perez's brother Cruz in which Cruz said Perez had recently committed a robbery. Castillo challenged the process by which the report was given to the lead detective. Castillo challenged both Navarro's and Escalante's separate identifications of Perez from an array of photographs. Thus, Castillo did not advance the State's interest at Perez's expense. Further, Perez does not identify, and the record does not show, how Castillo advanced any other State interest to his detriment. *See Gaston*, 136 S.W.3d at 318. Therefore, we hold that Castillo's former representation of the State did not become an actual conflict of interest. *See Acosta*, 233 S.W.3d at 355; *Routier*, 112 S.W.3d at 582; *see also Mickens*, 535 U.S. at 171.

## D. Adverse Effect

Even if we assume *arguendo* that an actual conflict existed, Perez must also show that the actual conflict had an adverse effect on Castillo's performance. *See Mitchell*, 989 S.W.2d at 748.

Perez argues that Castillo's cross-examination of the State's witnesses was chilled when the State told the court it would show the jury that Castillo signed Perez's arrest warrant if Castillo attempted to argue that the warrant was improperly prepared or that the lead detective failed to properly investigate the case. However, Perez's motion in limine was granted; the State did not tell the jury that Castillo signed the form. Further, Castillo vigorously cross-examined the lead detective, including challenging his investigation on at least thirteen separate points. Perez also asserts that Castillo "was limited in his ability to put on a vigorous defense or to pursue other plausible defense strategies and/or tactics because of the conflict of interest." But Perez not only fails to identify a specific conflict of interest, he also fails to specify any defense element, any plausible strategy, or any tactic that Castillo failed to use. *See Gaston*, 136 S.W.3d at 318. Perez has not shown any adverse effect on Castillo's performance and thus we do not presume prejudice. *See Mitchell*, 989 S.W.2d at 748.

### E. *Garcia* Hearing

Perez argues that the trial court erred when it failed to conduct a *Garcia* hearing because it was aware of a conflict of interest. *See Cuyler*, 446 U.S. at 346–47; *Ramirez*, 13 S.W.3d at 487. However, a *Garcia* hearing is required only if the court "knows or should reasonably know of an *actual* conflict." *See Gaston*, 136 S.W.3d at 324 (emphasis altered); *United States v. Garcia-Jasso*, 472 F.3d 239, 243 (5th Cir. 2006) (citing *United States v. Carpenter*, 769 F.2d 258, 263 (5th Cir. 1985)); *see also Cuyler*, 446 U.S. at 347 ("Unless the trial court knows or reasonably should know that a particular conflict exists, the court need not initiate [a conflict of interest] inquiry."). Texas courts have reiterated that a *Garcia* hearing is unnecessary where a defendant has failed to show that an actual conflict of interest exists. *See, e.g., Thompson v. State*, 94 S.W.3d 11, 20 (Tex. App—Houston [14th Dist.] 2002, pet. ref'd) (citing *Calloway v.*

*State*, 699 S.W.2d 824, 829–30 (Tex. Crim. App. 1985)); *Ramirez*, 13 S.W.3d at 487. Because there was no actual conflict, the trial court was not required to hold a *Garcia* hearing. *See Cuyler*, 446 U.S. at 347; *Garcia-Jasso*, 472 F.2d at 245; *Pina v. State*, 127 S.W.3d 68, 73 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

## F. Voluntary Waiver

Perez filed an affidavit stating certain facts regarding his defense: (1) that he knew there was a potential conflict of interest, (2) that he had seen the arrest warrant bearing Castillo's signature, (3) that he chose to waive his right to appeal on that issue, and (4) that he wanted Castillo to continue to represent him. Further, during a pretrial hearing, Perez testified that he was aware of the potential conflict, but was choosing to waive his right to appeal on that issue and still wanted Castillo to represent him.

At oral argument, Perez's appellate counsel argued that Perez did not fully understand the consequences of having Castillo represent him at trial when he waived his right to conflict-free counsel. However, Perez's own testimony during the pretrial hearing shows that Castillo briefed Perez on the scope and breadth of his participation in preparing the State's case against Perez. *See Ex parte Prejean*, 625 S.W.2d 731, 733 (Tex. Crim. App. 1981); *Brink v. State*, 78 S.W.3d 478, 485 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). During the same pretrial hearing, Castillo requested that Ray Rodriguez be appointed as co-counsel, which the court granted. *See Prejean*, 625 S.W.2d at 733 (deciding that the appellant was aware that he could obtain other counsel because the court had already appointed counsel for him). Given Perez's first court-appointed counsel withdrew and was replaced by another court-appointed attorney (Castillo) and the court appointed an additional attorney (Rodriguez) shortly before trial, Perez knew that he could have obtained other counsel in lieu of Castillo had he wished to do so. *See id.*

Considering Perez's testimony, affidavit, and changes in appointed counsel, we hold that Perez knowingly and voluntarily waived his right to appeal on the issue of conflict of interest. *See Greig*, 967 F.2d at 1021; *Prejean*, 625 S.W.2d at 733; *Brink*, 78 S.W.3d at 485.

## G. *Strickland* Analysis

Under *Strickland v. Washington*, the reviewing court does not presume prejudice; the appellant must affirmatively prove prejudice. *Strickland*, 466 U.S. at 693; *Jackson v. State*, 877 S.W.2d 768, 770–71 (Tex. Crim. App. 1994). "The [appellant] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Jackson*, 877 S.W.2d at 771.

Here, Perez did not brief or argue that he met *Strickland*'s prejudice prong. *See* TEX. R. APP. P. 38.1(i); *Ex parte Martinez*, 195 S.W.3d 713, 730 n.14 (Tex. Crim. App. 2006). He did not present facts from the record bearing on Castillo's performance that undermine confidence in the trial court's judgment. *See Martinez*, 195 S.W.3d at 730 n.14. Therefore, he has failed to meet his burden to show prejudice. *See Strickland*, 466 U.S. at 694; *Jackson*, 877 S.W.2d at 771.

## H. Conclusion

Perez has not shown that his defense counsel suffered from an actual conflict, that his defense suffered an adverse effect, or that he was entitled to a *Garcia* hearing. Further, Perez knowingly and voluntarily waived his right to conflict-free counsel. Finally, Perez failed to meet his burden to show prejudice. Because Perez has not proven ineffective assistance of counsel or shown his right to a *Garcia* hearing, we overrule his first issue.

**CLOSING ARGUMENT**

In his second issue, Perez asserts that his counsel was ineffective or the trial court erred when the court failed to declare a mistrial or issue a limiting instruction for the prosecutor's allegedly improper closing argument.

## A. Standard of Review

A defendant is entitled to effective assistance of counsel under both the United States and Texas Constitutions. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 1.051 (West 2005 & Supp. 2011). On appeal, to prove ineffective assistance of trial counsel an appellant must show that counsel's assistance fell below an objective professional standard of reasonableness and counsel's actions thereby prejudiced appellant's defense. *Strickland v. Washington*, 466 U.S. 668, 687–88, 692 (1984); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To prove prejudice, an appellant must show by a preponderance of the evidence that but for counsel's unprofessional error, the outcome of his trial would have been different. *Jackson v. State*, 973 S.W.2d 954, 956 (Tex. Crim. App. 1998).

In reviewing an ineffective assistance of counsel claim, we consider the totality of counsel's representation in light of the particular circumstances of the case and presume that counsel acted competently and made decisions based on a reasonable trial strategy. *See Strickland*, 466 U.S. at 689, 695; *Ex parte Welborn*, 785 S.W.2d 391, 393 (Tex. Crim. App. 1990). To rebut this presumption, the basis for any allegation of ineffectiveness must be affirmatively founded in the record. *Thompson*, 9 S.W.3d at 813. "[W]e commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it." *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005). Even if the appellant proves trial counsel's

performance was deficient, the appellant must also prove that he was prejudiced by counsel's actions. *Thompson*, 9 S.W.3d at 812. Appellant must demonstrate a reasonable probability that the result of the proceeding would have been different if trial counsel had acted professionally. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the trial's outcome. *Id.*

## B. Ineffective Assistance by Failure to Object

Perez asserts that Castillo's assistance was ineffective when Castillo failed to object and to seek a limiting instruction following an alleged bolstering comment in the State's closing argument. The prosecutor said:

> You heard his [Navarro's] testimony which is evidence. Okay.
>
> Let me see. When Moises [Navarro] went up there he not only told you that this happened. But he told you, I saw his face. I saw the gun. And he was honest. How do we know he was honest? How do we know he was telling the truth? Besides that, he swore to tell the truth. Because he told you and he told us. I—I was not sure of his build. If he was going to lie, he could have lied then. He could [have] told you he was—he was honest. I saw his face. I saw the gun. He was sitting in the truck and Jerry Perez was standing outside.

Perez complains that Castillo's failure to object or request a limiting instruction violated Perez's Sixth Amendment right to counsel.

### 1. Bolstering

Jury argument may include: (1) summation of the evidence, (2) *reasonable deduction from the evidence*, (3) answer to argument of opposing counsel, and (4) pleas for law enforcement. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex. Crim. App. 1992) (emphasis added). An argument that goes beyond one of these areas is error but is reversible only if "the argument is extreme or manifestly improper, violative of a mandatory statute or injects new facts, harmful to the accused, into the trial." *Id.* at 95. Inferences drawn from the evidence are permissible if

they "are reasonable, fair, legitimate, and offered in good faith." *Smith v. State*, 842 S.W.2d 401, 407 (Tex. App.—Fort Worth 1992, pet. ref'd) (citing *Gaddis v. State*, 753 S.W.2d 396, 398 (Tex. Crim. App. 1988)).

### 2. Reasons for Remaining Silent

Here, the record is silent as to why Castillo chose not to object to the State's closing argument or to the testimony of Officer Cortez. Perez asserts that "the record clearly demonstrates that no plausible purpose was served by [Castillo's] failure to object to [testimony with respect to Cruz's statements to Officer Cortez]," that "no plausible purpose was served by [Castillo's] soliciting additional commentary from Officer Cortez with respect to [Cruz's statement]," and that "[t]here is no plausible strategy to pass over the admission and references of the only evidence linking [Perez] to any crime." But Perez failed to question Castillo on the record as to why he remained silent, and the record does not show why Castillo chose as he did. *See Thompson*, 9 S.W.3d at 813.

### 3. Deficient Assistance

Perez's conclusory assertions of counsel's errors are not persuasive in light of the strong presumption that counsel acted competently and made decisions based on a reasonable trial strategy. *See Thompson*, 9 S.W.3d at 812; *Ex parte Welborn*, 785 S.W.2d at 393. Perez's mere conclusory assertions require this court to speculate on why Castillo decided as he did, and this court need not do so. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (deciding not to speculate on defense counsel's motives); *Delrio v. State*, 840 S.W.2d 443, 447 (Tex. Crim. App. 1992).

### 4. *Prejudiced Defense*

Even assuming *arguendo* that Castillo's failure to object or request a limiting instruction based on the alleged bolstering in the State's closing argument was deficient, Perez must still demonstrate a reasonable probability that his trial result would have been different if Castillo had acted professionally. *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 813. If Castillo had objected to the argument and asked for a limiting instruction, the State could have merely rephrased the comment, repeated the same summary of Navarro's testimony, and the jury could have reached the same conclusion. Further, the jury heard Detective Flores's testimony that Escalante separately identified Perez as the assailant, and other evidence and witnesses that tended to corroborate Navarro's testimony. Having "consider[ed] the totality of the evidence before the judge or jury," Perez has not shown a reasonable probability of a different outcome. *See Strickland*, 466 U.S. at 695; *Thompson*, 9 S.W.3d at 812.

Finally, Perez also complains that the trial court erred when, on hearing the State's argument, it failed to *sua sponte* issue a limiting instruction or declare a mistrial. Perez does not cite any authority to support his assertion. For the reasons set forth above, we find this argument unpersuasive. We overrule Perez's second issue.

### HEARSAY TESTIMONY

In his third issue, Perez complains that Castillo's assistance was deficient and prejudicial when Castillo failed to object to hearsay and seek a limiting instruction regarding Officer Cortez's testimony. Castillo objected to hearsay when Cortez, on direct examination, began to say that Perez's brother told him that Perez was involved in a recent robbery. However, on cross-examination, Castillo asked Cortez about his conversation with Perez's brother, essentially introducing the previously objected to testimony. Further, Castillo did not object to the State's

closing argument when the prosecutor repeated Cortez's statement from Perez's brother about Perez's involvement in a recent robbery.

## A. Deficient Assistance

In his brief, Perez asserts that "the record clearly demonstrates that no plausible purpose was served by [Castillo's] failure to object to [testimony with respect to Cruz's statements to Officer Cortez]," that "no plausible purpose was served by [Castillo's] soliciting additional commentary from Officer Cortez with respect to [Cruz's statement]," and that "[t]here is no plausible strategy to pass over the admission and references of the only evidence linking [Perez] to any crime." But the record does not show that Castillo was ever asked why he made these choices. Further, Perez must overcome the strong presumption that counsel acted competently and made decisions based on a reasonable trial strategy. *See Thompson*, 9 S.W.3d at 812. Moreover, absent outrageous attorney conduct, we assume defense counsel acted or refrained based on a strategic motive. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

Perez's conclusory assertions of deficient assistance do not overcome the presumption of competent representation or show outrageous conduct. *See id.*; *De Los Santos v. State*, 219 S.W.3d 71, 75 (Tex. App.—San Antonio 2006, no pet.). Castillo almost certainly benefited Perez's defense by questioning Cortez on whether he got the right Jerry Perez—and having raised doubts about which Jerry Perez was detained, Castillo may have felt the State's reference in closing argument merely restated a point he had successfully deflected.

## B. Prejudiced Defense

Even if Castillo's conduct was deficient, Perez must still demonstrate prejudice—a reasonable probability that his trial result would have been different if Castillo had acted professionally. *See Strickland*, 466 U.S. at 694; *Thompson*, 9 S.W.3d at 812. However, if the

jury had never heard that Perez's brother told police that Perez had been in a robbery, the jury would still have heard (1) Navarro's testimony identifying Perez as the assailant, (2) testimony that Navarro and Escalante each separately identified Perez as the assailant, (3) and other evidence and testimony that tended to corroborate Navarro's testimony. Having "consider[ed] the totality of the evidence before the judge or jury," Perez has not shown a reasonable probability of a different outcome. *See Strickland*, 466 U.S. at 695; *Thompson*, 9 S.W.3d at 813 ("Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim."). We overrule Perez's third issue.

## CONCLUSION

Appellant Jerry Perez has failed to show that he received ineffective assistance of counsel or that the trial court erred. Therefore, we affirm the trial court's judgment.

Rebecca Simmons, Justice

PUBLISH