

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00176-CR

Jurvis Cardel **CARR**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR5716
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Sandee Bryan Marion, Justice
            Rebeca C. Martinez, Justice

Delivered and Filed:  January 30, 2013

AFFIRMED

Jurvis Cardel Carr was convicted by a jury of aggravated robbery and aggravated kidnapping. On appeal, Carr contends the trial court erred in denying his motion to suppress his in-court identification and his request for a jury charge on the identity suppression issue. Carr also contends his trial counsel was ineffective in eliciting testimony regarding an extraneous offense during the guilt/innocence phase of trial. We affirm the trial court's judgment.

**SUPPRESSION OF IN-COURT IDENTIFICATION**

"An in-court identification is inadmissible when it has been tainted by an impermissibly suggestive pretrial photographic identification." *Loserth v. State*, 963 S.W.3d 770, 771-72 (Tex. Crim. App. 1998); *see also Hamilton v. State*, 300 S.W.3d 14, 18 (Tex. App.—San Antonio 2009, pet. ref'd). A two-part analysis is applied to determine whether an in-court identification should be suppressed. *See Hamilton*, 300 S.W.3d at 18. First, we consider whether the pretrial photographic identification procedure was impermissibly suggestive. *Loserth*, 963 S.W.3d at 772; *Hamilton*, 300 S.W.3d at 18. If the first step is satisfied, we determine, from the totality of the circumstances, whether the procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Loserth*, 963 S.W.3d at 772; *Hamilton*, 300 S.W.3d at 18. The defendant bears the burden to establish both of these elements by clear and convincing evidence. *Hamilton*, 300 S.W.3d at 18.

In this case, the complainant was shown a "six-pack lineup," or an array of six photographs. Although one photograph is brighter than the others, the photographs were similar with regard to the men's hairstyles, facial hair, and facial features. Although Carr asserts that someone other than the investigating detective should have shown the complainant the lineup, he cites no authority to support this assertion, and the investigating detective is routinely the officer who shows witnesses the array. *See, e.g., Ex parte Miles*, 359 S.W.3d 647, 654 & n.5 (Tex. Crim. App. 2012); *Gamboa v. State*, 296 S.W.3d 574, 578 (Tex. Crim. App. 2011); *Perez v. State*, 352 S.W.3d 751, 754 (Tex. App.—San Antonio 2011, no pet.). Carr also contends the photographic identification procedure was impermissibly suggestive because the detective told the complainant that he had arrested a suspect from which the complainant could infer that the suspect's picture was included in the lineup. It is well-established, however, that a lineup is not impermissibly suggestive simply because a witness is told, or may infer, that the lineup includes

a suspect, because a witness would normally assume that to be the case. *Harris v. State*, 827 S.W.2d 949, 959 (Tex. Crim. App. 1992); *Webb v. State*, 760 S.W.2d 263, 272 (Tex. Crim. App. 1988); *Rojas v. State*, 171 S.W.3d 442, 448 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd); *Kelly v. State*, 18 S.W.3d 239, 243 (Tex. App.—Amarillo 2000, no pet.). Because Carr failed to establish by clear and convincing evidence that the lineup was impermissibly suggestive, the trial court did not err in overruling his motion to suppress the identification, and Carr's first issue is overruled.

### JURY CHARGE

In his second issue, Carr contends the trial court erred in denying his request for a jury charge under article 38.23 of the Texas Code of Criminal Procedure with regard to the suppression of the identification. The Texas Court of Criminal Appeals, however, has held that such a jury charge would be improper. *See Andujo v. State*, 755 S.W.2d 138, 143 (Tex. Crim. App. 1988); *Allen v. State*, 511 S.W.2d 53, 54 (Tex. Crim. App. 1974); *see also McAllister v. State*, 28 S.W.3d 72, 77-79 (Tex. App.—Texarkana 2000, no pet.). Accordingly, Carr's second issue is overruled.

### INEFFECTIVE ASSISTANCE OF COUNSEL

In his final issue, Carr asserts trial counsel rendered ineffective assistance of counsel by eliciting testimony regarding an extraneous offense committed by Carr. Specifically, when the investigating detective testified that Carr was arrested, trial counsel elicited testimony that Carr was arrested on an outstanding warrant pertaining to a possession of marijuana offense.

Ineffective assistance of counsel claims require a showing of both deficient performance and prejudice. *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). There is a strong presumption that trial counsel's conduct fell within the wide range of professional assistance. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). An ineffective

assistance claim must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Goodspeed*, 187 S.W.3d at 392; *Thompson*, 9 S.W.3d at 813. "Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally undeveloped." *Goodspeed*, 187 S.W.3d at 392. "If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim on direct appeal." *Ortiz v. State*, 93 S.W.3d 79, 88-89 (Tex. Crim. App. 2002).

In this case, immediately after the investigating detective alluded to Carr having been arrested during the course of the investigation, trial counsel requested a bench conference to ensure that her eliciting testimony regarding the basis for the arrest would not open the door to other evidence. After this discussion, trial counsel elicited testimony that Carr was arrested pursuant to a warrant that had been issued for a different offense. After this questioning, trial counsel stated, "I just wanted to clarify why he was being arrested."

Although the record in this case is undeveloped with regard to the precise reason for counsel's decision to elicit testimony regarding the arrest warrant, her comment on the record alludes to the possibility that she had a strategic reason for her questioning. We will not, however, speculate with regard to the basis for trial counsel's decisions; "thus a silent record on the reasoning behind counsel's actions is sufficient to [overrule this issue.]" *Badillo v. State*, 255 S.W.3d 125, 129 (Tex. App.—San Antonio 2008, no pet.). Because Carr's allegation of ineffectiveness is not firmly founded in the record, his third issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice

DO NOT PUBLISH