1561-15 ORIGINAL

IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

TAVARIS DON COLEMAN

PETITIONER

VS.

STATE OF TEXAS

RESPONDENT

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 30 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

DEC 00 2015

Abel Acosta, Clerk

BEFORE THIS COURT IN A PETITION
FOR DISCRETIONARY REVIEW FROM
THE COURT OF APPEALS FOR THE NINTH
JUDICIAL DISTRICT OF BEAUMONT
NO. 09-14-00362-CR AND FROM THE
221ST JUDICIAL DISTRICT COURT
MONTGOMERY COUNTY, TEXAS CAUSE
NUMBER 13-10-10974-CR

TAVARIS DON COLEMAN
SPN.# 02601278
1200 BAKER STREET
HOUSTON, TEXAS 77002

COVER PAGE

# I.

## SUBJECT INDEX OF AUTHORITIES

1.) EX PARTE BAIN, 7 S.Ct. 781 . . . . . . . PG. 4, 5.

(A.) CONSTRUCTIVE AMENDMENT OF INDICTMENT

2.) IN RE WINSHIP, 397 U.S. 358, 364

(B.) DUE PROCESS CLAUSE PROTECTS THE ACCUSED AGAINST CONVICTION EXCEPT BY PROOF BEYOND A REASONABLE DOUBT OF EVERY FACT NECESSARY TO CONSTITUTE THE CRIME WITH WHICH HE IS CHARGED . . . . . . . . . PG. 5,

3.) SANDSTORM v. MONTANA, 442 U.S. 510, 516 PG. 6,

(C.) THE GOVERNMENT'S FAILURE TO SUFFICIENTLY REBUT A PRESUMPTION AGAINST IT MAY RESULT IN A DIRECTED VERDICT FOR THE DEFENDANT

## II.

## STATEMENT OF ORAL ARGUMENT

THE PETITIONER IS CONFINED AND PROCEEDING PRO SE BECAUSE THERE'S NO RIGHT TO APPOINTED COUNSEL FOR DISCRETIONARY REVIEW. HOWEVER, THIS COURT MAY APPOINT COUNSEL TO COME BEFORE IT AND ARGUE THE ISSUES PRESENTED AND IN THE BEST INTERESTS OF JUSTICE SHOULD APPOINT COUNSEL BECAUSE :(A.) THE TRIAL COURT AND COURT OF CRIMINAL APPEALS: CONSTRUCTIVELY AMENDED THE INDICTMENT :(B.) THE TRIAL COURT AND COURT OF CRIMINAL APPEALS AT BEAUMONT FAILED TO APPLY THE PRINCIPLES SET OUT IN IN RE WINSHIP.

## III.

## STATEMENT OF THE NATURE OF THE CASE

THE STATE OBTAINED A SINGLE INDICTMENT FROM A GRAND JURY WHICH HAS TWO COUNTS AGGRAVATED ROBBERY AND EVADING ARREST. THE EVADING ARREST WAS USED TO CONVINCE THE

GRAND JURY THAT PETITIONER ASSISTED THE
CODEFENDANTS IN COMMITTING AN AGGRAVATED
ROBBERY. AT TRIAL THE COMPLAINT STATED THAT
HE COULD NOT IDENTIFY THE ROBBERS PERIOD.
THE STATE DID NOT PUT ON ABSOLUTELY ANY
EVIDENCE THAT PLACED THE PETITIONER
AT THE SCENE OF THE ALLEGED OFFENSE.
HOURS AFTER THE ALLEGED OFFENSE THE PETITIONER
WAS SEEN TRAVELING IN A CAR WHICH POLICE
THOUGHT MATCHED THE DESCRIPTION OF THE
CAR THE ROBBERS WERE IN. A CHASE TOOK
PLACE IN HARRIS COUNTY, TEXAS. AT TRIAL
THE STATE USED THE LAW OF PARTIES
AND PUT ON EVIDENCE THAT SINCE THE
PETITIONER EVADED ARREST THIS DEMONSTRATES
HE ASSISTED THE ROBBERS'. AFTER THOROUGHLY
POISONING AND CONTAMINATING THE JURY
MINDS WITH EVADING ARREST TESTIMONY
THE STATE DISMISSED THE EVADING ARREST
CHARGE. THE TRIAL COURT TOLD THE JURY THAT
EVADING ARREST WAS NO LONGER A PART OF
THE CASE. YET THE STATE WAS CONTINUED
WITH PRESENTING ARGUMENTS ABOUT IT.
PETITIONER MOVED FOR A DIRECT VERDICT
AND FOR THE JURY TO BE TOLD HOW
COME THE EVADING ARREST WAS DISMISSED
BUT THE TRIAL COURT DENIED THE SAME.
THE COURT OF APPEALS AT BEAUMONT
USED THE EVADING ARREST TESTIMONY
IN MAKING ITS OPINION THAT THE
EVIDENCE WAS SUFFICIENT.

## IV.

STATEMENT OF PROCEDURAL HISTORY OF
THE CASE:
A JURY TRIAL ON AGGRAVATED ROBBERY AND
EVADING ARREST [ TWO COUNT SINGLE
INDICTMENT] WITH A LAW OF PARTIES

CHARGE TOOK PLACE 8-11-14 THROUGH 8-13-14 AND PETITIONER WAS FOUND GUILTY. [ CR.96 ]. PUNISHMENT WAS ASSESSED AT 45 YEARS IN TDCJ ON 8-14-14. [ CR.100 ]. A MOTION FOR NEW TRIAL WAS FILED 9-4-14 AND WAS NEVER RULED ON. [ CR.118-122 ]. APPELLATE BRIEF WAS FILED IN THE COURT OF APPEALS FOR THE NINTH JUDICIAL DISTRICT OF TEXAS AT BEAUMONT, TEXAS; AND THE OPINION OF THAT COURT WAS HANDED DOWN ON OCTOBER 28, 2015 AFFIRMING THE CONVICTION. WHICH IS HERETO ATTACHED AS THE "APPENDIX" *

## V.

STATEMENT OF GROUNDS BEING PRESENTED.

1.) GROUND ONE: COURT OF APPEALS AND TRIAL COURT CONSTRUCTIVELY AMENDED GRAND JURY INDICTMENT "EX PARTE BAIN"

2.) GROUND TWO: TRIAL COURT AND COURT OF APPEALS FAILED TO APPLY THE CORRECT LEGAL PRINCIPLES AND STANDARDS AS OUTLINED IN "IN RE WINSHIP"

3.) GROUND THREE: TRIAL COURT'S FAILURE TO SUFFICIENTLY REQUIRE THE STATE TO REBUT THE PRESUMPTION OF INNOCENCE WAS UNREASONABLY CONTRARY TO "SANDSTROM V. MONTANA"

## VI.

ARGUMENT AND AUTHORITIES EXPLAINING AND SUPPORTING REASONS FOR REVIEW

TO THE HONORABLE JUDGES OF THE ABOVE SAID COURT:
MOVING IN THE SPIRIT OF GOOD FAITH

*

AND PROFESSIONALISM WITH LOYALTY
TOWARDS THE DIGNITY OF THE COURT IS
THE PETITIONER TAVARIS DON COLEMAN
DEMONSTRATING WITH HUMILITY YET DUE
DILIGENCE THAT HE IS ACTUALLY INNOCENT
AND THAT THIS COURT SHOULD GRANT
DISCRETIONARY REVIEW FOR THE FOLLOWING
REASONS:

GROUND ONE:

THE RECORD WILL REFLECT THAT THE TRIAL
COURT'S INDICTMENT CHARGED A TWO COUNT
SINGLE INDICTMENT WHICH A GRAND JURY
RETURNED FOR AGGRAVATED ROBBERY/EVADING
ARREST, AND THAT AT TRIAL THE STATE USED
ITS ONLY SOURCE OF EVIDENCE-[TESTIMONY
OF EVADING ARREST WHICH TOOK PLACE
HOURS AFTER SAID ALLEGED OFFENSE, AND
IN HARRIS COUNTY WHERE ARREST MADE]-
AN EVADING ARREST TO SUPPORT ITS CHARGE
TO THE JURY ON LAW OF PARTIES BUT YET
DISMISSED SUCH PORTION OF EVADING ARREST
FROM THE INDICTMENT WHEN IN FACT IT
WAS THE EVADING ARREST EVIDENCE THAT
CONVINCED THE GRAND JURY TO INDICT
FOR AGGRAVATED ROBBERY:[KNOWING THE
STATE WOULD USE LAW OF PARTIES
AND EVADING ARREST AT TRIAL TO
TRY TO OBTAIN A CONVICTION FOR
AGGRAVATED ROBBERY].
IN EX PARTE BAIN, 7 S.Ct. 781 THE
SUPREME COURT OF THE UNITED STATES
MADE CLEAR THAT WHEN INVOKED AN
ACCUSED MAY ONLY BE TRIED ON CHARGES
MADE BY A GRAND JURY INDICTMENT AND
THAT A TRIAL COURT CONSTRUCTIVELY AMEND
MENTS TO AN INDICTMENT AFTER THE
TRIAL COMMENCES AND EVIDENCE RECEIVED

VIOLATES DUE PROCESS AND DENIES THE TRIAL COURT WITH ANY FURTHER JURISDICTION [ JURISDICTION MEANS: "AUTHORITY" ] TO PROCEED WITH THE TRIAL. IT LOST AUTHORITY TO PROCEED FURTHER ONCE IT ALTERED THE VERY LANGUAGE OF THE INDICTMENT [ EVADING ARREST ] WHICH THE STATE WAS USING AS "LAW OF THE PARTY" EVIDENCE TO CONNECT THE PETITIONER TO THE AGGRAVATED ROBBERY.

GROUND TWO:

THE UNITED STATES SUPREME COURT IN IN RE WINSHIP, 397 U.S. 358, AT 364 MADE CLEAR THAT THE "DUE PROCESS CLAUSE PROTECTS THE ACCUSED AGAINST CONVICTION EXCEPT BY PROOF BEYOND A REASONABLE DOUBT OF EVERY FACT NECESSARY TO CONSTITUTE THE CRIME WITH WHICH HE IS CHARGED". THE PETITIONER URGES THIS COURT TO TURN ITS ATTENTION TO THE APPEALS COURT'S ATTENTIVE OPINION WHERE IT FOCUSED ON LAW OF PARTIES. SEE PAGES 5,6: PARAGRAPH FOUR OF THE OPINION IN THE APPENDIX HERETO ATTACHED. IT READS "EVIDENCE OF FLIGHT IS ADMISSIBLE AS A CIRCUMSTANCE FROM WHICH AN INFERENCE OF GUILT MAY BE DRAWN". RIGHT ABOVE THAT SENTENCE THE APPEALS COURT USED TEX. PENAL CODE ANN. §§ 7.01 (a), 7.02 (a)(2) WHICH IS LAW OF PARTIES AIDING AND ATTEMPTING TO AID. THE PROBLEM WITH THIS OPINION IS THAT THE ONLY EVIDENCE OF A "FLIGHT" IS THE EVADING ARREST WHICH THE STATE DISMISSED AND THE TRIAL COURT RULED WAS NO LONGER A PART OF THE CASE. THEREFORE THE APPEALS COURT'S OPINION

IS WHOLLY CONTRARY TO THE UNITED STATES "IN RE WINSHIP" PRECEDENT THAT "DUE PROCESS CLAUSE PROTECTS THE ACCUSED AGAINST CONVICTION EXCEPT BY PROOF BEYOND A REASONABLE DOUBT OF EVERY FACT NECESSARY TO CONSTITUTE

THE CRIME — [ LAWS OF PARTIES CONDUCT OF FLIGHT FROM ALLEGED ROBBERY ] — WITH WHICH HE IS CHARGED."

GROUND THREE:

THE UNITED STATES SUPREME COURT MADE CLEAR IN SANDSTROM V. MONTANA, 422 U.S. 510 516 THAT "WHEN THE STATE FAILS TO SUFFICIENTLY REBUT A PRESUMPTION AGAINST IT A DIRECTED VERDICT MAY BE APPROPRIATE." THE STATE'S DISMISSAL OF THE EVADING ARREST ALLOWED PETITIONER TO MAINTAIN HIS "PRESUMPTION": [ THE PRESUMPTION OF INNOCENT UNTIL PROVEN GUILTY ]. THAT IS THAT HE WAS NOT A PARTY TO THE OFFENSE THE STATE FAILED TO REBUT IT AND THE TRIAL COURT AND COURT OF APPEALS FAILED ENTIRELY TO USE ANY OF THESE PRINCIPLES SET OUT IN "SANSTROM V. MONTANA". A DIRECTED VERDICT WAS APPROPRIATED AND SHOULD HAVE BEEN GRANTED.


PRAYER

THE PETITIONER PRAYERS THAT THIS COURT "FOLLOWS JUSTICE" AND "ONLY JUSTICE" AND THEREFORE GRANT REVIEW.

RESPECTFULLY

6 - OF - 7

PETITIONER,

*Tavaris Coleman*

TAVARIS DON COLEMAN

CERTIFICATE OF SERVICE
THIS CERTIFIES THAT PETITIONER
MAILED TRUE AND CORRECT COPY
OF THIS PETITION TO THE
PROSECUTING / STATE'S ATTORNEY
ON NOVEMBER 23, 2015

*Tavaris Coleman*

In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00362-CR
_____

TAVARIS DON COLEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 221st District Court
Montgomery County, Texas
Trial Cause No. 13-10-10974 CR

MEMORANDUM OPINION

A jury convicted Tavaris Don Coleman of aggravated robbery, and the trial court sentenced Coleman to forty-five years in prison. In four appellate issues, Coleman challenges the sufficiency of the evidence, the denial of his motion for directed verdict, the effectiveness of his trial counsel, and the exclusion of his family members from the courtroom during voir dire. We affirm the trial court's judgment.

1

## Background

Coleman was charged with both aggravated robbery and evading arrest or detention with a vehicle. At trial, Douglas Donnenfield testified that he was seated in his vehicle in a parking lot of a business when a red vehicle stopped beside him and two men emerged and ran toward Donnenfield's vehicle. Donnenfield testified that the first man punched him in the neck, pinned him to the seat, reached for Donnenfield's wallet and cell phone, and demanded money. Donnenfield testified that the second man pointed a gun at him and he was afraid the man would shoot him. Donnenfield told the men that he had no other money, and the men ran back to the red vehicle. He described the men as late teens or early twenties and wearing t-shirts and basketball shorts. Donnenfield testified that the first three letters of the red vehicle's license plate were "DD4" and that a third man was driving the red vehicle. He testified that the red vehicle drove toward Woodlands Parkway. At trial, Donnenfield did not recognize Coleman as one of the assailants. He explained that he had not looked at his assailants' faces.

Sergeant Kenton Ford testified that he saw a red vehicle matching Donnenfield's description, including the "DD4" license plate, and pursued the vehicle, but the vehicle accelerated and would not stop. Deputy Steven Ortiz, who also pursued the vehicle, testified that someone inside the vehicle threw an item

2

out of the window during the pursuit. Deputy Ryan Mathis testified that officers later recovered a firearm from the area where the suspect was seen throwing an item from the red vehicle. The firearm matched that used in the robbery.

The red vehicle eventually wrecked, and Ortiz saw three men flee from the vehicle. Ortiz and Mathis both identified Coleman as one of the men in the red vehicle. Sergeant John Schmitt testified that once apprehended, the suspects were identified as Frederick Robinson, Edward Brightmon, and Coleman. Coleman was apprehended wearing a t-shirt and basketball shorts. Schmitt testified that Donnenfield could not identify the suspects as the men who robbed him.

Officers recovered four cell phones from the red vehicle and two on Coleman's person. Deputy Amy Blackwelder verified that she recovered some of Donnenfield's belongings that had been scattered in the median on Woodlands Parkway. Investigators were unable to obtain latent fingerprints or DNA on these items.

## Sufficiency of the Evidence

In issue one, Coleman contends that the evidence is insufficient to support his conviction for aggravated robbery. Under a legal sufficiency standard, we assess all the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could find the essential elements of the crime

beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the jury's responsibility to fairly resolve conflicting testimony, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13.

A person commits aggravated robbery if (1) "in the course of committing theft" and "with intent to obtain or maintain control of the property," he "intentionally or knowingly threatens or places another in fear of imminent bodily injury or death[;]" and (2) "uses or exhibits a deadly weapon[.]" Tex. Penal Code Ann. §§ 29.02(a), 29.03(a)(2) (West 2011). A firearm is a deadly weapon *per se*. *Ex parte Huskins*, 176 S.W.3d 818, 820 (Tex. Crim. App. 2005). "A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." Tex. Penal Code Ann. § 7.01(a) (West 2011). A person is criminally responsible for an offense committed by another when, "acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense[.]" *Id.* § 7.02(a)(2). "Each party to an offense may be charged with commission of the offense." *Id.* § 7.01(b). The jury may consider "events occurring before, during and after the

4

commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act." *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1996) (op. on reh'g). "[C]ircumstantial evidence may be used to prove party status." *Id.*

On appeal, Coleman maintains that the evidence failed to establish that he was present during the robbery or committed the robbery. The jury heard evidence that the two men who attacked Donnenfield were passengers in a red vehicle being driven by a third man and that officers subsequently apprehended Coleman and two other men fleeing from a red vehicle matching Donnenfield's description. The jury also heard evidence that Donnenfield's assailants wore t-shirts and basketball shorts, which Coleman was wearing when apprehended by police. Donnenfield's stolen belongings were found either in the red vehicle or scattered along the route the vehicle took during the police pursuit. Officers also retrieved a firearm matching the description given by Donnenfield.

Based on the events that occurred before, during, and after the offense, the jury could reasonably conclude that Coleman acted with intent to promote or assist commission of the aggravated robbery by aiding or attempting to aid the offense. *See* Tex. Penal Code Ann. §§ 7.01(a), 7.02(a)(2); *see also Ransom*, 920 S.W.2d at 302; *Foster v. State*, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989) ("Evidence of

flight is admissible as a circumstance from which an inference of guilt may be drawn."). Viewing all the evidence in the light most favorable to the verdict, the jury could conclude, beyond a reasonable doubt, that Coleman committed the offense of aggravated robbery. *See Jackson*, 443 U.S. at 318-19; *Hooper*, 214 S.W.3d at 13; *see also* Tex. Penal Code Ann. § 7.01(b). We overrule issue one.

### Dismissal of Evading Arrest Charge

In issue two, Coleman argues that the trial court improperly granted the State's motion to dismiss instead of granting Coleman's motion for a directed verdict on the evading arrest charge. At trial, defense counsel objected to dismissal of the charge on grounds that Coleman sought a directed verdict on the charge. The trial court denied Coleman's request for a directed verdict and granted the State's motion to dismiss the evading arrest charge. The trial court informed the jury that the evading arrest charge was no longer part of the case. On appeal, Coleman contends that the dismissal violated his right to a fair trial by allowing the State to present evidence of the evading arrest charge and to leave the jury with a false impression.

The State may, with the trial court's permission, dismiss a criminal action at any time. Tex. Code Crim. Proc. Ann. art. 32.02 (West 2006). A criminal action may be dismissed after jeopardy attaches, in which case the Double Jeopardy

6

Clause bars the State from later prosecuting the defendant for the offense for which he had been placed in jeopardy of conviction. *Ex parte Goodman*, 152 S.W.3d 67, 71 (Tex. Crim. App. 2004). In this case, the charge was dismissed after jeopardy had attached; thus, the State could not re-prosecute Coleman for that offense. *See id.* The trial court instructed the jury that it should not concern itself with the evading arrest charge, and we assume the jury followed that instruction. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). Moreover, we cannot say that the admission of evidence regarding the evading arrest charge caused harm to Coleman, as the jury was entitled to consider Coleman's flight from police as evidence of his guilt. *See Foster*, 779 S.W.2d at 859. The State was entitled to seek a dismissal of the charge, and the trial court was within its discretion to grant the motion. *See* Tex. Code Crim. Proc. Ann. art. 32.02. We overrule issue two.

## Ineffective Assistance

In issue three, Coleman complains that he received ineffective assistance of counsel during trial. At trial, Coleman's defense counsel stated that:

> [Coleman] was previously convicted of engaging in organized crime in Harris County, Texas, in a court where I was the chief prosecutor. He knows that I was the chief prosecutor . . . at the time. The case was actually assigned to a different prosecutor, but I want it on the record that it was discovered and disclosed to the State and my client and he has waived it. . . .

7

On appeal, Coleman argues that defense counsel's prior service as the Harris County chief prosecutor during his Harris County conviction constitutes a conflict of interest.

When an appellant alleges ineffective assistance based on a conflict of interest, he must show that trial counsel had an actual conflict of interest and that said conflict actually colored trial counsel's conduct at trial. *Odelugo v. State*, 443 S.W.3d 131, 136 (Tex. Crim. App. 2014). An actual conflict of interest exists when trial counsel must make a choice between advancing his client's interest in a fair trial or advancing other interests to his client's detriment. *Id.* The appellant must identify specific instances in the record that indicate a choice that counsel made between possible alternative courses of action, such as eliciting evidence that is helpful to one interest and harmful to the other. *Perez v. State*, 352 S.W.3d 751, 755 (Tex. App.—San Antonio 2011, no pet.).

Coleman complains that trial counsel (1) referenced her prior working relationship with the Montgomery County prosecutor, and (2) while cross-examining a witness regarding Coleman's Harris County offense, counsel made herself a witness by asking questions based on facts she learned while she was the chief prosecutor in Harris County. He contends the trial court should have conducted a hearing to insure that Coleman was aware of the conflict and waived

his right to conflict-free counsel. However, the instances of which Coleman complains do not indicate that Coleman's defense counsel actually acted on any conflict of interest by making a choice that advanced the State's interest over Coleman's interest and to his detriment. *See Odelugo*, 443 S.W.3d at 136; *see also Perez*, 352 S.W.3d at 755. Absent such evidence, Coleman has failed to satisfy his burden of proving an actual conflict that adversely affected defense counsel's performance at trial. *See Odelugo*, 443 S.W.3d at 136. Thus, the trial court was not required to conduct a hearing on waiver. *See Perez*, 352 S.W.3d at 756 (A trial court is not required to hold a hearing unless the court knows or should reasonably know of an actual, not a potential, conflict.).

Coleman also complains that his trial counsel rendered ineffective assistance by (1) failing to strike a juror who expressed the belief that a person is a party to an offense if he was present but not a participant in the offense; (2) failing to seek a directed verdict on aggravated robbery; and (3) failing to present mitigating evidence during punishment. To establish ineffective assistance, Coleman must satisfy the following test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires

9

showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010). "Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Under normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Id.*

The record does not indicate that Coleman alleged ineffective assistance in his motion for new trial. The record is silent as to trial counsel's tactical and strategic decision-making. *See Estrada v. State*, 313 S.W.3d 274, 311 (Tex. Crim. App. 2010). Moreover, Coleman cannot demonstrate that, but for counsel's alleged errors, the outcome of his trial would have been different. *See Graves v. State*, 310 S.W.3d 924, 929 (Tex. App.—Beaumont 2010, pet. ref'd). Nor is this a case in which trial counsel's ineffectiveness is apparent from the record. *See Freeman v.*

10

*State*, 125 S.W.3d 505, 507 (Tex. Crim. App. 2003). Under these circumstances, Coleman cannot defeat the strong presumption that counsel's decisions during trial fell within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 814. We overrule issue three.

## Voir Dire

In issue four, Coleman challenges the exclusion of his family members from a portion of voir dire. Coleman filed a motion for abatement with this Court on grounds that an evidentiary hearing was required for the trial court to address this issue. This Court denied the motion to abate. On appeal, Coleman re-urges his perceived need for an evidentiary hearing.

A defendant may file a motion for new trial no later than thirty days after the date when the trial court imposes sentence in open court. Tex. R. App. P. 21.4(a). Within thirty days after the date when sentence is imposed but before the trial court overrules any preceding motion for new trial, a defendant may, without leave of court, file an amended motion for new trial. Tex. R. App. P. 21.4(b). The trial court sentenced Coleman on August 24, 2014. Coleman filed his original motion for new trial on September 4. On November 12, more than thirty days after sentence was pronounced, Coleman filed an amended motion for new trial, in which he alleged for the first time that his family had been excluded from a portion of the voir dire

11

proceedings. The record does not indicate that Coleman received leave of court to file the untimely motion.

"Even where the original motion for new trial is timely, an untimely amended motion for new trial is a nullity and cannot form the basis for points of error on appeal." *Rangel v. State*, 972 S.W.2d 827, 838 (Tex. App.—Corpus Christi 1998, pet. ref'd). Accordingly, issue four is overruled. *See id.* Having overruled Coleman's four issues, we affirm the trial court's judgment.

AFFIRMED.

STEVE McKEITHEN
Chief Justice

Submitted on October 14, 2015
Opinion Delivered October 28, 2015
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

12